Kebret I. MOHAMED, Appellant,

v.

AUTO NATION USA CORP.; Auto Nation, USA; Auto Nation, Inc.; Auto Nation, Inc. f/k/a Mercedes Benz of Houston–Greenway; Houston Auto Imports Greenway, Ltd. d/b/a Mercedes Benz of Houston–Greenway, Appellees.[1]

In re Kebret I. MOHAMED.

Nos. 01–02–00347–CV, 01–02–00519–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 31, 2002.

---

21. Tex.R. Civ. P. 18a.

1. Appellant/relator Kebret I. Mohamed also sued Michael Sullivan and Ken Havard. However, Mohamed claims, without dispute, that neither Sullivan nor Havard had been served or had answered as of the date of the challenged order, and the appellate record, which shows that "[s]ervice is currently in progress" for these individuals and does not contain any filings by them, does not contradict Mohamed's claim. *See* Tex.R.App. P. 38.1(f). Accordingly, we do not consider either Sullivan or Havard to be parties to the interlocutory appeal or the mandamus proceeding.

Mark Omar Midani, Midani & Associate, P.C., Houston, for Appellant/Relator.

Ruth Ann Norton Daniels, Gibson, McClure, Wallace & Daniels, L.L.P., Dallas, for Appellee/Real Party in Interest.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

TIM TAFT, Justice.

By interlocutory appeal and mandamus, appellant/relator, Kebret I. Mohamed, challenges an order granting the motion to compel arbitration and abate proceedings of appellees/real parties in interest, Auto Nation USA Corp., Auto Nation, USA, Auto Nation, Inc., Auto Nation, Inc. f/k/a Mercedes Benz of Houston–Greenway, and Houston Auto Imports Greenway, Ltd. d/b/a Mercedes Benz of Houston–Greenway (collectively, "the Auto Nation parties"). We determine (1) whether we have jurisdiction over the mandamus proceeding or the interlocutory appeal and (2) whether the trial court abused its discretion in implicitly ruling that the non-signatory Auto Nation parties could enforce the arbitration agreement. We dismiss the interlocu-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

tory appeal for want of jurisdiction and conditionally grant the petition for writ of mandamus.

## Background

In May 1999, Park Place–South hired Mohamed, a United States citizen born and raised in Ethiopia, as a valet for its car-sales business. Mohamed alleges that, shortly after he was hired, his co-workers began severely harassing him because of his race and national origin. Mohamed alleges the harassment continued until he was constructively discharged.

Mohamed signed an alternative dispute resolution agreement ("the arbitration agreement") with Park Place–South in June 1999.[2] It appears that, some time before Mohamed quit, but after he signed the arbitration agreement, one of the Auto Nation parties purchased Park Place–South. In November 2001, Mohamed sued the Auto Nation parties and two of his supervisors for race discrimination; intentional infliction of emotional distress; and negligent hiring, supervision, and retention. In January 2002, the Auto Nation parties moved to compel arbitration and to dismiss or stay trial-court proceedings. Mohamed contested the agreement's valid-

ity and enforceability.[3] Both parties submitted summary evidence along with their arbitration pleadings. After a non-evidentiary hearing, the trial court granted the motion to compel arbitration and abated the cause.

## Interlocutory Appeal[4]

■ Mohamed indicates in his brief that he filed both an interlocutory appeal and a mandamus proceeding because the trial court's order did not state whether it was rendered under the Texas General Arbitration Act ("TAA")[5] or the Federal Arbitration Act ("FAA").[6] Mohamed originally argued, however, that jurisdiction lay over the interlocutory appeal because the order compelling arbitration could have been rendered only under the TAA, which he claims authorizes this appeal. The Auto Nation parties moved to dismiss the appeal and for sanctions, arguing no jurisdiction lay over an appeal from an order compelling arbitration under the TAA. During oral argument, Mohamed conceded that his only remedy is mandamus.

We agree with the parties that no interlocutory appeal lies from an order granting a motion to compel arbitration under the TAA.[7] *See* TEX. CIV. PRAC. & REM.CODE ANN.

---

2. The arbitration agreement was between Mohamed and "Employer," which was defined as (1) Park Place Motorcars, Park Place Lexus, Park Place Bodywerks, Park Place Porsche/Audi, or any Park Place Company and (2) any of those companies' parent company, subsidiary company, affiliate company, directors, officers, employees, or agents. It is undisputed that Mohamed's employer at the time of the arbitration agreement, Park Place South, fell under the definition of "Employer."

3. Mohamed does not dispute that, if the arbitration agreement is valid and enforceable by the Auto Nation parties, his claims are the type that fall within the agreement's scope.

4. Our cause no. 01–02–00347–CV.

5. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon Supp.2002).

6. *See* 9 U.S.C. §§ 1–16 (2001).

7. We note that dictum in the Texas Supreme Court's opinion in *Jack B. Anglin Co. v. Tipps* implies that appellate jurisdiction might lie over an order granting a motion to compel arbitration under the TAA. *See id.,* 842 S.W.2d 266, 271–72 (Tex.1992) (stating in dictum that the FAA and TAA "permit ... appeal from an interlocutory order granting or denying a request to compel arbitration"). *Anglin's* quoted statement is dictum: the order under review denied arbitration, and the Court held the FAA applied and mandamus lay. *See id.* at 270, 272. We agree with our sister courts of appeals, for this reason and for the addi-

§ 171.098(a)(1), (2) (Vernon Supp.2002) (allowing interlocutory appeal of orders, among others, that *deny* application to compel arbitration or that *grant* application to stay arbitration); TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp. 2002) (omitting orders granting application to compel arbitration among orders appealable interlocutorily); *Glazer's Wholesale Distribs., Inc. v. Heineken USA, Inc.,* No. 05–99–01685–CV, slip op. at 8, —— S.W.3d ——, ——, 2001 WL 727351 (Tex. App.-Dallas June 29, 2001, pet. granted) (consolidated orig. proceeding & interlocutory appeal; designated for publication); *In re Godt,* 28 S.W.3d 732, 738 (Tex.App.- Corpus Christi 2000, orig. proceeding); *Materials Evolution Dev. USA, Inc. v. Jablonowski,* 949 S.W.2d 31, 33 (Tex.App.- San Antonio 1997, no writ); *Lipshy Motorcars, Inc. v. Sovereign Assocs., Inc.,* 944 S.W.2d 68, 69–70 (Tex.App.-Dallas 1997, no writ); *Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling Co.,* 940 S.W.2d 150, 153–54 (Tex.App.- San Antonio 1996, no writ); *Gathe v. Cigna Healthplan of Texas, Inc.,* 879 S.W.2d 360, 362 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

■ Only mandamus lies over an order granting a motion to compel arbitration under the TAA. *See Glazer's Wholesale Distribs.,* No. 05–99–01685–CV, slip op. at 8–9, —— S.W.3d at —— – —— (considering mandamus proceeding over same be-

cause party compelled to arbitrate without allegedly having agreed to do so had no adequate remedy by appeal); *In re Godt,* 28 S.W.3d at 738 (same); *cf. Freis v. Canales,* 877 S.W.2d 283, 284 (Tex.1994) (in considering whether mandamus lay from order compelling arbitration under FAA, stating, "[A] party who is compelled to arbitrate without having agreed to do so will have lost its right to have the dispute resolved by litigation. Accordingly, such a party has no adequate remedy by appeal."). Therefore, we need not reach that part of Mohamed's issue one concerning whether the TAA or the FAA controls: whichever act applies, mandamus lies, not an appeal. *See In re Am. Homestar, Inc.,* 50 S.W.3d 480, 483 (Tex.2001) (mandamus lay over order compelling arbitration under FAA); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272–73 (Tex.1992) (mandamus lay over order denying arbitration under FAA); *Glazer's Wholesale Distribs.,* No. 05–99–01685–CV, slip op. at 8–9, —— S.W.3d at —— – —— (dismissing appeal from order compelling arbitration under TAA, but considering mandamus proceeding over same).

■ Accordingly, we grant the Auto Nation parties' motion to dismiss Mohamed's interlocutory appeal. However, we deny their request for frivolous-appeal sanctions against Mohamed because (1) although their own arbitration motion argued the FAA applied, that motion alternatively ar-

tional reasons they discuss, that the dictum in *Anglin* does not control and thus that no interlocutory appeal lies from an order granting a motion to compel arbitration under the TAA. *See Glazer's Wholesale Distribs., Inc. v. Heineken USA, Inc.,* No. 05–99–01685–CV, slip op. at 8, —— S.W.3d at —— (Tex.App.- Dallas June 29, 2001, pet. granted) (consolidated orig. proceeding & interlocutory appeal; designated for publication) (declining to follow the *Anglin* dictum); *Lipshy Motorcars, Inc. v. Sovereign Assocs., Inc.,* 944 S.W.2d 68, 69–70 (Tex.App.-Dallas 1997, no writ) (same);

*Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling Co.,* 940 S.W.2d 150, 153–54 (Tex.App.-San Antonio 1996, no writ) (same); *Gathe v. Cigna Healthplan of Texas, Inc.,* 879 S.W.2d 360, 362 (Tex. App.-Houston [14th Dist.] 1994, writ denied) (same); *see also Trico Marine Servs., Inc. v. Stewart & Stevenson Technical Servs.,* 73 S.W.3d 545, 548 (Tex.App.-Houston [1st Dist.] 2002, no writ) (combined appeal & orig. proceeding) (though not reaching the issue, noting the dictum in *Anglin* and listing courts that have declined to follow that dictum).

gued the arbitration agreement was enforceable under the TAA; (2) the trial court's order did not specify which act applied; and (3) as discussed in footnote seven above, the Texas Supreme Court's opinion in *Jack B. Anglin Co. v. Tipps*[8] contained dictum suggesting that an appeal might lie. *See Trico Marine Servs., Inc. v. Stewart & Stevenson Technical Servs.,* 73 S.W.3d 545, 548 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (combined appeal & orig. proceeding) (denying motion for sanctions, accompanying motion to dismiss appeal of order compelling arbitration under TAA, for similar reasons).

### Mandamus[9]

#### A. Standard of Review and Law of Arbitration

We review the trial court's order for abuse of discretion. *Anglin,* 842 S.W.2d at 271; *Trico Marine Servs.,* 73 S.W.3d at 548. A trial court abuses its discretion when it errs in determining what the law is or in applying the law to the facts. *In re Bruce Terminix Co.,* 988 S.W.2d 702, 703 (Tex.1998); *Trico Marine Servs.,* 73 S.W.3d at 548.

■ " 'A party cannot be required to arbitrate unless it has agreed to do so.' " *Trico Marine Servs.,* 73 S.W.3d at 548 (quoting *Hou–Scape, Inc. v. Lloyd,* 945 S.W.2d 202, 205 (Tex.App.-Houston [1st Dist.] 1997, orig. proceeding)); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 171.021(a) (Vernon Supp.2002) (requiring judge to order arbitration upon finding agreement to arbitrate). "The parties'

agreement to arbitrate must be clear. In this determination, Texas contract law applies." *Trico Marine Servs.,* 73 S.W.3d at 548 (citations omitted). "Construction of an unambiguous contract is a question of law." *Id.* (citing *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.,* 995 S.W.2d 647, 650 (Tex.1999)).

■ A party seeking to compel arbitration has the initial burden to establish the arbitration agreement's existence and show that the claims asserted fall within the agreement's scope. *In re Kellogg Brown & Root,* 80 S.W.3d 611, 615 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding); *see* Tex. Civ. Prac. & Rem.Code Ann. § 171.021(a) (Vernon Supp.2002). Whether an enforceable agreement to arbitrate exists is a legal question entitled to de novo review. *In re Kellogg Brown & Root,* 80 S.W.3d at 615. If the party seeking arbitration carries its initial burden, the burden then shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement. *See In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex.1999); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 171.021(b) (Vernon Supp.2002).

#### B. Non–Signatories' Right to Enforce the Arbitration Agreement[10]

■ Under issue one, Mohamed argues the Auto Nation parties could not enforce the arbitration agreement because they were not signatories to the agreement and did not prove they were in privity with a signatory.[11]

---

8. 842 S.W.2d at 271–72.

9. Our cause no. 01–02–00519–CV.

10. The parties' briefs also label this challenge as a "standing" issue. However, as discussed below, the issue is evidentiary, not one of standing.

11. The Auto Nation parties claim that Mohamed did not preserve this challenge because it was not raised in writing below. However, Mohamed raised the challenge at the hearing on the motion to compel and thus preserved it. *See* Tex.R.App. P. 33.1(a).

The initial burden of the party seeking to compel arbitration-to establish the arbitration agreement's existence-includes proving the entity seeking to enforce the arbitration agreement was a party to it or had the right to enforce the agreement notwithstanding. *See Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 931 (Tex.App.-Houston [1st Dist.] 1996, no writ) (combined appeal & orig. proceeding); *Texas Private Employment Ass'n v. Lyn–Jay Int'l, Inc.*, 888 S.W.2d 529, 531, 532 (Tex.App.-Houston [1st Dist.] 1994, no writ) (op. & op. on reh'g) (holding association itself was not party to arbitration agreement, set out in association's by-laws, that required association's members to arbitration disputes among themselves). The burden of showing one's status as a party or one's right to enforce, as with the overall burden of establishing the arbitration agreement's existence, is generally evidentiary. *See In re Oakwood Mobile Homes*, 987 S.W.2d at 573 ("A party seeking to compel arbitration must establish the existence of an arbitration agreement ... Here, Oakwood met its burden *of presenting evidence* of an arbitration agreement that governs the dispute between the parties.") (emphasis added; citations omitted); *Anglin*, 842 S.W.2d at 269 ("[T]he trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations."); *In re Koch Indus., Inc.*, 49 S.W.3d 439, 444 (Tex.App.-San Antonio 2001, orig. proceeding) ("The party seeking arbitration has the initial burden to *present evidence* of an arbitration agreement.") (emphasis added). An entity's burden to prove it is a signatory exists because arbitration is a creature of contract: when an entity seeks to compel arbitration, it must first establish its right to that contract remedy. *Pepe Int'l Dev. Co.*, 915 S.W.2d at 931.

Therefore, an entity that was not a party to the arbitration agreement may not enforce the agreement's provisions unless that non-signatory entity falls into an exception, recognized under general equitable or contract law, that would allow such enforcement. *See Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526–28 (5th Cir.2000); *cf. Lyn–Jay Int'l*, 888 S.W.2d at 531, 532; *Pepe Int'l Dev. Co.*, 915 S.W.2d at 930–31. One such exception is that, as with any contract, an assignee, such as a successor-in-interest, can be bound to the terms of an arbitration agreement signed by its assignor, such as a predecessor-in-interest, depending on the assignment's terms. *See Capitan Enters., Inc. v. Jackson*, 903 S.W.2d 772, 775 (Tex.App.-El Paso 1994, writ denied) (generally, party assuming contractual liability is liable to same extent as party from which it assumed contract); *cf. In re Koch Indus.*, 49 S.W.3d at 447 (holding non-signatory defendant companies affiliated with signatory defendant company could enforce arbitration agreement against signatory plaintiff when same operative facts were involved).

It is undisputed that none of the Auto Nation parties is a signatory to the arbitration agreement or falls under the agreement's definition of parties. Instead, the Auto Nation parties' unverified motion to compel alleged that one of the Auto Nation parties purchased, and thus was corporate successor-in-interest to, Mohamed's former employer, Park Place–South, which actually signed the agreement. Similarly, at oral argument in this Court, the Auto Nation parties asserted that they had assumed all of Park Place–South's contractual obligations as part of the purchase. However, and despite Mohamed's disputing their right to enforce the agreement at the hearing below, the Auto Nation parties never met their burden of presenting evidence supporting their corporate-successor

assertion or revealing the terms of any contractual assignments pursuant to that purchase.[12] *See Pepe Int'l Dev. Co.*, 915 S.W.2d at 931 (non-signatory's burden); *In re Koch Indus.*, 49 S.W.3d at 444 (evidence required).

The Auto Nation parties respond that they may nonetheless enforce the arbitration agreement because they fall under two further exceptions—both based on equitable estoppel—to the rule that a non-signatory cannot enforce an arbitration agreement. We disagree with each of the Auto Nation parties' contentions.

■ First, the Auto Nation parties invoke the equitable exception that a non-signatory defendant may enforce an arbitration clause contained in a contract that contains other terms on which the signatory plaintiff must rely to prosecute its claims. *See, e.g., McMillan v. Computer Translation Sys. & Support*, 66 S.W.3d 477, 482 (Tex.App.-Dallas 2001, no writ) (combined appeal & orig. proceeding). The reason for this rule is that a plaintiff cannot seek to hold a non-signatory liable for duties imposed under a contract, which contains an arbitration clause, while simultaneously avoiding the arbitration clause on the ground that the defendant is a non-signatory. *See Grigson*, 210 F.3d at 528. Mohamed, however, does not have to rely on the terms of his own unwritten employment contract, or even on those of the written arbitration agreement, to assert claims for race discrimination, intentional infliction of emotional distress, or negligent hiring, supervision, and retention. Therefore, this equitable exception does not apply. Contrary to the Auto Nation

parties' claim, the logic of this exception simply does not extend to employment-related claims that do not rely on the employment contract's terms.

■ Second, the Auto Nation parties rely on the equitable exception that, when a plaintiff that is a signatory to an arbitration agreement sues both signatory and non-signatory defendants based on substantially interdependent and concerted misconduct by all defendants, the non-signatory defendants may enforce the arbitration agreement against the plaintiff. *See McMillan*, 66 S.W.3d at 482. The Auto Nation parties base their argument on the fact that (1) Mohamed also sued Sullivan and Havard, (2) these men were employees of Park Place South, a signatory to the arbitration agreement through the agreement's definition of "Employer," and (3) the arbitration agreement defined "Employer" to include employees of Park Place South, such as Sullivan and Havard. The Auto Nation parties argue that because Mohamed sued both signatories (Sullivan and Havard) and non-signatories (the Auto Nation parties) for interrelated misconduct, the Auto Nation parties may enforce the arbitration agreement against Mohamed.

The Auto Nation parties' argument overlooks that Sullivan and Havard had neither been served nor had appeared in the suit before the trial judge's ruling.[13] Generally speaking, a trial court has no personal jurisdiction over defendants that have not yet been served, appeared, or otherwise waived service, and they are thus not yet parties to the suit. *See* Tex.R. Civ. P. 124 (generally, no judgment

---

**12.** We also note that the arbitration agreement defined "Employer," one of the signatory parties, as a "parent company, subsidiary company, [or] affiliate company" of any of the companies listed in the definition of "Employer." The Auto Nation parties did not present

evidence that they fit into one of these categories, either.

**13.** As stated before, Mohamed asserts this fact in his brief without dispute, and the record does not contradict Mohamed's claim. *See* Tex.R.App. P. 38.1(f).

against defendant unless defendant is served, appears, or waives service); *Dodd v. Twin City Fire Ins. Co.*, 545 S.W.2d 766, 770 (Tex.1977); *Dyer v. Wall*, 645 S.W.2d 317, 318–19 (Tex.App.-Corpus Christi 1982, no writ); *cf. Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex.1990).

Relying on Texas and federal law, the Auto Nation parties respond that a plaintiff cannot dismiss a signatory defendant simply to prevent a non-signatory defendant from enforcing an arbitration agreement under this particular equitable estoppel theory. *See Grigson*, 210 F.3d at 528; *McMillan*, 66 S.W.3d at 482. *Grigson* is distinguishable because the dismissal of the signatory defendants in that case was part of a scheme, clearly designed to bypass an arbitration agreement's effect, that joined them and the formerly adverse plaintiff as joint plaintiffs in a new suit against the non-signatory defendants. *See id.* at 526, 528, 530. Equity would not allow such scheming to avoid arbitration. *See id.* at 528. Moreover, the non-signatory defendants had obviously answered. *See id., passim.* The record here, in contrast, shows only that Sullivan and Havard had not yet answered or been served, not that they were served, only to be dismissed later pursuant to a scheme akin to that in *Grigson*. *McMillan*, on which the Auto Nation parties also rely, is distin-guishable for similar reasons. *See id.*, 66 S.W.3d at 479, 481, 483 (holding non-signatory defendants, who were sued separately from signatory defendants on same claims, could enforce arbitration agreement under this equitable exception; further, non-signatory defendants were undisputedly agents or servants of signatory defendants).[14]

We hold the Auto Nation parties did not carry their initial burden of showing an arbitration agreement that they could enforce. Accordingly, we hold the trial court abused its discretion in granting their motion to compel arbitration. We sustain this portion of issue one.

■ Because of our resolution of this portion of issue one, we need not reach Mohamed's remaining issues, which concerned (1) whether adequate consideration supported the arbitration agreement, (2) whether Mohamed carried his burden of showing the arbitration agreement was unconscionable or that the Civil Practice and Remedies Code barred the agreement's enforcement, and (3) whether the trial court erred in not holding an evidentiary hearing.[15]

### Conclusion

We conditionally grant the petition for writ of mandamus, which will issue only if

---

14. We distinguish the remaining federal cases on which the Auto Nation parties rely because their records showed an agency, alter-ego, or sister-corporation relationship, between the signatory and non-signatory defendants, that allowed the non-signatories to enforce the arbitration clause under general contract principles. *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1121–22 (3rd Cir.1993); *Arnold v. Arnold Corp.-Printed Communications for Bus.*, 920 F.2d 1269, 1281–82 (6th Cir.1990); *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187–88 (9th Cir.1986). Here, the Auto Nation parties' summary evidence did not show these relationships. Moreover, in each of these federal cases, the non-signatories were obviously par-ties that had been served or had answered because they were actively participating in the lawsuits. *See id., passim.*

15. We note that the Auto Nation parties did not claim below and do not claim here that they were entitled to an evidentiary hearing to show they could enforce the arbitration agreement despite being non-signatories. In any event, showing their right to enforce the agreement was their initial burden, to be carried by presenting summary evidence. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999); *Anglin*, 842 S.W.2d at 269.

the trial court does not vacate its March 18, 2002 order granting the Auto Nation parties' motion to compel arbitration and abating the lawsuit pending arbitration.

We deny the Auto Nation parties' motion for sanctions in the mandamus proceeding.