In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00488-CV
____________

IN RE AUTO NATION USA CORP.; AUTO NATION, USA; AUTO
NATION, INC.; AUTO NATION, INC. F/K/A MERCEDES BENZ OF
HOUSTON–GREENWAY; HOUSTON AUTO IMPORTS GREENWAY,
LTD. D/B/A MERCEDES BENZ OF HOUSTON–GREENWAY,
RELATORS




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
          By petition for writ of mandamus, relators, AutoNation USA Corp.,
AutoNation, USA, AutoNation, Inc., AutoNation, Inc. f/k/a Mercedes Benz of
Houston–Greenway, and Houston Auto Imports Greenway, Ltd. d/b/a Mercedes Benz
of Houston–Greenway (the AutoNation parties), challenge the trial court’s order
denying the AutoNation parties’ second motion to compel arbitration. We determine
whether we have jurisdiction over the mandamus proceeding or the interlocutory
appeal. We dismiss the petition for writ of mandamus for want of jurisdiction. 
Background
          Kebret I. Mohamed, real party in interest, is a United States citizen who was
born and raised in Ethiopia. In May 1999, the Mercedes Benz Greenway dealership
hired Mohamed as a valet for its car-sales business. Mohamed alleges that, shortly
after he was hired, his co-workers began severely harassing him because of his race
and national origin. Mohamed alleges the harassment continued until he was
constructively discharged.
          Mohamed signed an alternative dispute resolution agreement (“the arbitration
agreement”) with his employer, Park Place, in June 1999. The arbitration agreement
was between Mohamed and “Employer,” which was defined as (1) Park Place
Motorcars, Park Place Lexus, Park Place Bodywerks, Park Place Porsche/Audi, or any
Park Place Company and (2) any of those companies’ parent company, subsidiary
company, affiliate company, directors, officers, employees, or agents. It is undisputed
that Mohamed’s employer at the time of the arbitration agreement, Park Place, fell
under the definition of “Employer.” Some time before Mohamed quit, but after he
signed the arbitration agreement, the AutoNation parties purchased Park Place. 
          In November 2001, Mohamed sued the AutoNation parties and two of his
supervisors for race discrimination; intentional infliction of emotional distress; and
negligent hiring, supervision, and retention. In January 2002, the AutoNation parties
moved to compel arbitration. Mohamed contested the arbitration agreement’s validity
and enforceability. Both parties submitted summary evidence along with their
arbitration pleadings. After a non-evidentiary hearing, the trial court granted the
AutoNation parties’ motion to compel arbitration and abated the cause.
          Mohamed filed a petition for writ of mandamus and an interlocutory appeal in
this Court. On October 31, 2002, this Court dismissed the interlocutory appeal and
conditionally granted the petition for writ of mandamus, instructing the trial court to
vacate its order compelling arbitration. Mohamed v. AutoNation USA Corp., 89
S.W.3d 830, 832-33 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (hereinafter
referred to as “Mohamed-I”). On November 21, 2002, the trial court vacated its order
compelling arbitration. A few months later, on February 3, 2003, the AutoNation
parties filed a second motion to compel arbitration, which the trial court denied. The
AutoNation parties now file this petition for writ of mandamus. 
Interlocutory Appeal or Mandamus
          The trial court did not expressly determine whether the Texas General
Arbitration Act (TAA) or the Federal Arbitration Act (FAA) applied. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 2003); 9 U.S.C. §§ 1-16 (2001). 
The method of review depends on which act applies. Mandamus is appropriate to
review an order denying arbitration when the FAA applies to the arbitration
agreement. See In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998); Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992). Interlocutory appeal is
appropriate to review an order denying arbitration when the TAA applies. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2) (Vernon Supp. 2004). The
AutoNation parties stated that they filed both an interlocutory appeal and a mandamus
proceeding “out of an abundance of caution.” 
          The arbitration agreement in this case specifically refers to the TAA; it does not
mention the FAA. Section 10.1 of the arbitration agreement states, “Any proceeding
pursuant to the ADR Procedure shall be an arbitration proceeding subject to the Texas
General Arbitration Act.” Additionally, section 12.3 of the arbitration agreement
makes the following reference to the TAA:
Applicability of Arbitration Statute. The arbitration proceeding
shall be deemed an arbitration proceeding subject to the Texas General
Arbitration Act. If this ADR Procedure is in conflict with any mandatory
requirements of the Texas General Arbitration Act, the statute shall
govern. The Arbitrator shall have all powers granted to arbitrators under
the Texas General Arbitration Act.
 
Given the arbitration agreement’s express adoption of the TAA, we hold that this
agreement falls under the TAA. See In re Kellogg Brown & Root, 80 S.W.3d 611, 617
(Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Interlocutory appeal is, thus,
the appropriate method to review the order denying arbitration. See Tex. Civ. Prac.
& Rem. Code Ann. § 171.098(a)(1), (2). Accordingly, we dismiss the petition for
writ of mandamus. 
 
 
                                                                                  George C. Hanks, Jr.
                                                                                  Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.