Opinion issued April 28, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01086-CV
       
RICK BATES, MARIANNE BATES, AND DOROTHY BATES, Appellants

V.

MTH HOMES-TEXAS, L.P. D/B/A HAMMONDS HOMES AND
MERITAGE CORPORATION, Appellees




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2004-38830




* * *




__________

NO. 01-04-01156-CV
__________

IN RE RICK BATES, MARIANNE BATES, AND DOROTHY BATES,
Relators




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N

          In dual proceedings, appellants/relators, Rick Bates, Marianne Bates, and
Dorothy Bates (“Bates”), challenge the trial court’s order that granted appellees/real
parties in interest, MTH Homes-Texas, L.P. d/b/a Hammonds Homes and Meritage
Corporation’s (“Hammonds”), motion to compel arbitration.


 In one issue, Bates
contends that the trial court erroneously found an agreement to arbitrate. We dismiss
the interlocutory appeal for want of jurisdiction and conditionally grant the petition
for writ of mandamus.
Background
          On January 26, 2004, Bates filed suit against Hammonds because of defects
sustained during the construction of Bates’s new home. On September 9, 2004,
Hammonds filed a motion to compel arbitration based on a clause in an earnest-money contract addendum. On September 28, 2004, the trial court granted the motion
to compel. Bates filed both an interlocutory appeal and a petition for writ of
mandamus complaining of the trial court’s order. On January 21, 2005, we stayed the
trial court’s arbitration order. 
Appeal
          The trial court did not expressly determine whether the Federal Arbitration Act
(“FAA”) or the Texas Arbitration Act (“TAA”) applies. See 9 U.S.C. §§ 1-16 (2004);
Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon Supp. 2004-2005). 
Our method of review usually depends on which act applies. However, because
mandamus, not interlocutory appeal, lies over an order granting a motion to compel
arbitration, whether under the TAA or the FAA, we need not determine which act
applies. See Mohamed v. Auto Nation USA Corp., 89 S.W.3d 830, 834 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (combined appeal & orig. proceeding). 
Accordingly, we dismiss Bates’s interlocutory appeal for want of jurisdiction. 
Mandamus
          Standard of Review
          Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a legal duty when there is no adequate remedy
at law. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999). When a trial court
erroneously grants a party’s motion to compel arbitration, the movant has no adequate
remedy at law and is entitled to a writ of mandamus. See In re Am. Homestar, Inc.,
50 S.W.3d 480, 483 (Tex. 2001). We review the trial court’s order for abuse of
discretion. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992); Trico
Marine Servs., Inc. v. Stewart & Stevenson Technical Servs. Inc., 73 S.W.3d 545, 548
(Tex. App.—Houston [1st Dist.] 2002, no pet.) (combined appeal & orig.
proceeding). A trial court abuses its discretion when it errs in determining what the
law is or in applying the law to the facts. In re Bruce Terminix Co., 988 S.W.2d 702,
703 (Tex. 1998); Trico Marine Servs., 73 S.W.3d at 548. The trial court’s order does
not state its grounds for granting Hammonds’ motion to compel arbitration. Thus, we
review the grounds stated in Hammonds’ motion and affirm the trial court’s order if
any of the grounds are meritorious. See In re H.E. Butt Grocery Co., 17 S.W.3d 360,
367 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding); North American
Shipbuilding, Inc. v. Southern Marine & Aviation, 930 S.W.2d 829, 832 (Tex.
App.—Houston [1st Dist.] 1996, no writ).
          Agreement to Arbitrate
          In its first issue, Bates argues that there is no agreement to arbitrate. 
          A party cannot be required to arbitrate unless it has agreed to do so. Trico
Marine Servs., 73 S.W.3d at 548 (quoting Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202,
205 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding)); see also Tex. Civ.
Prac. & Rem. Code Ann. § 171.021(a) (Vernon Supp. 2004-2005) (requiring judge
to order arbitration upon finding agreement to arbitrate). “The parties’ agreement to
arbitrate must be clear. In this determination, Texas contract law applies.” Trico
Marine Servs., 73 S.W.3d at 548 (citations omitted). “Construction of an
unambiguous contract is a question of law.” Id. (citing MCI Telecommunications
Corp. v. Tex. Util. Elec. Co., 995 S.W.2d 647, 650 (Tex. 1999)). This Court may not
expand upon the terms of the contract or tolerate a liberal interpretation of it by
reading into it a voluntary, consensual agreement to arbitrate when one otherwise
does not exist. See Seale v. Roy M. Mitchell Contracting Co., 321 S.W.2d 149, 151
(Tex. Civ. App.—Austin 1959, writ ref’d) (finding “no clear incorporation of the
arbitration provisions of the principal contract into the subcontract between” the
parties); In re ACG Cotton Mktg., L.L.C., 985 S.W.2d 632, 633 (Tex. App.—Amarillo
1999, orig. proceeding); Escajeda v. Cigna Ins. Co., 934 S.W.2d 402, 407 (Tex.
App.—Amarillo 1996, no writ) (“[B]efore a contract can be read as delegating to
third-parties that power [as sole arbiters of reasonableness and necessity of all future
medical expenses], the words evincing the delegation must be express, plain, clear,
and certain.”). 
          Whether an enforceable agreement to arbitrate exists is a legal question subject
to de novo review. In re Kellogg Brown & Root, 80 S.W.3d 611, 615 (Tex.
App.—Houston [1st Dist.] 2002, orig. proceeding). Although an arbitration
agreement does not have to assume any particular form, the language of the
agreement must clearly indicate the intent to arbitrate. See Massey v. Galvan, 822
S.W.2d 309, 316 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Without an
agreement to arbitrate, arbitration cannot be compelled. Freis v. Canales, 877 S.W.2d
283, 284 (Tex. 1994) (orig. proceeding).
          Under both the TAA and the FAA, a party seeking to compel arbitration has
the initial burden to establish the arbitration agreement’s existence and to show that
the claims asserted fall within the agreement’s scope. In re Kellogg Brown & Root,
80 S.W.3d at 615; see Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a). If the party
seeking arbitration carries its initial burden, the burden then shifts to the party
resisting arbitration to present evidence on its defenses to the arbitration agreement. 
See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999); see also
Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b) (Vernon Supp. 2004-2005);
Mohamed, 89 S.W.3d at 835. 
          In its motion to compel arbitration, Hammonds relied on the following clause
of the earnest money contract addendum to show the parties’ intent to arbitrate:
THIS CONTRACT IS SUBJECT TO CHAPTER 27 OF THE
TEXAS PROPERTY CODE. THE PROVISIONS OF THAT
CHAPTER MAY AFFECT THE PURCHASER’S RIGHT TO
RECOVER DAMAGES ARISING FROM THE
PERFORMANCE OF THIS CONTRACT. IF PURCHASER
HAS A COMPLAINT CONCERNING A CONSTRUCTION
DEFECT ARISING FROM THE PERFORMANCE OF THIS
CONTRACT AND THAT DEFECT HAS NOT BEEN
CORRECTED THROUGH NORMAL WARRANTY SERVICE,
THE PURCHASER MUST PROVIDE NOTICE REGARDING
THE DEFECT TO THE BUILDER BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED, NOT LATER THAN THE
60TH DAY BEFORE THE DATE THE PURCHASER
INITIATES A CLAIM TO RECOVER DAMAGES IN AN
ARBITRATION PROCEEDING. THE NOTICE MUST REFER
TO CHAPTER 27 OF THE TEXAS PROPERTY CODE, AND
MUST DESCRIBE THE CONSTRUCTION DEFECT. IF
REQUESTED BY THE BUILDER, THE PURCHASER MUST
PROVIDE THE BUILDER AN OPPORTUNITY TO INSPECT
AND CURE THE DEFECT AS PROVIDED BY SECTION
27.004 OF THE TEXAS PROPERTY CODE.




          Hammonds argues that this clause shows that the parties intended to waive the
right to a trial and instead to resolve any disputes through binding arbitration. 
Hammonds contends that if the parties had intended something other than arbitration,
they would have used language such as “court of law,” instead of “arbitration
proceeding.”


 
          We disagree that this language is sufficiently “express, plain, clear, and
certain” to evince the agreement of the parties to delegate to arbitrators the power to
decide disputes between them. See Escajeda, 934 S.W.2d at 407. The clause in the
earnest money contract addendum on which Hammonds relies is not a traditional
arbitration clause. Rather, it is substantially similar to the statutorily mandated
disclosure statement provided for in former section 27.007 of the Texas Property
Code.


 See Act of May 8, 1999, 76th Leg., R.S., ch. 189, 1999 Tex. Gen. Laws
666–667 (amended 2003) (current version at Tex. Prop. Code Ann. § 27.007
(Vernon Supp. 2004-2005)). Section 27.007 is entitled, “Disclosure Statement
Required.” Id. The clause required pursuant to section 27.007 and the one at issue
here both instruct the buyer regarding the giving of notice of construction defects to
the seller. See Sanders v. Constr. Equity, Inc., 42 S.W.3d 364, 371–72 (Tex.
App.—Beaumont 2001, pet. denied). Although the clause in the earnest money
contract addendum refers to arbitration, it does not limit the parties’ rights to
arbitration only. Rather, the clause—a statutorily required disclosure
statement—provides the notice procedures to follow if a party seeks damages in an
arbitration proceeding. 
          We conclude that the clause on which Hammonds relies, although it includes
the word “arbitration,” is not sufficient to constitute an agreement to arbitrate because
it does not clearly indicate the intent to arbitrate. Thus, contrary to Hammonds’
argument, the parties did not expressly agree in writing in the clause at issue to
submit the dispute to arbitration. See Glazer’s Wholesale Distribs, Inc. v. Heineken
U.S.A., Inc., 95 S.W.3d 286, 297 (Tex. App.—Dallas 2001, pet. granted, judgm’t
vacated w.r.m.); In re Anaheim Angels Baseball Club, Inc., 993 S.W.2d 875, 880
(Tex. App.—El Paso 1999, orig. proceeding). 
          We sustain Bates’s first issue.
 
 
 
 
 
Conclusion
          We dismiss the interlocutory appeal in appellate cause number 01-04-01086-CV for want of jurisdiction. We conditionally grant the petition for writ of
mandamus in appellate cause number 01-04-01156-CV and order the trial court to
vacate its September 28, 2004 order granting the motion to compel arbitration of the
real parties in interest. The writ will issue only if the trial court fails to vacate its
order. We withdraw our January 21, 2005 order staying all proceedings in the trial
court. All pending motions are hereby denied.




                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.