# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-15-00422-CV

**Shakeel Mustafa, Appellant**

**v.**

**Felix Rippy, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 15-0708-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated August 21, 2015, and substitute the following opinion and judgment in their place. Appellant's motion for rehearing is dismissed as moot.

Shakeel Mustafa filed a notice of appeal attempting to challenge the trial court's order granting Felix Rippy's motion to compel arbitration.

We do not have jurisdiction to review a trial court's interlocutory order granting arbitration. *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(1),(2) (authorizing interlocutory appeal of trial court order *denying* application to compel arbitration or granting application to *stay* arbitration) (emphases added); *Mohamed v. AutoNation USA Corp.*, 89 S.W.3d 830, 833-34

(Tex. App.—Houston [1st Dist.] 2002, no pet.) (dismissing interlocutory appeal because "no interlocutory appeal lies from an order granting a motion to compel arbitration under TAA").

On August 4, 2015, this Court requested that Mustafa file a written response demonstrating our jurisdiction over this appeal. No response was filed, and we dismissed the appeal for want of jurisdiction.

Mustafa filed a motion for rehearing contending that we have jurisdiction to review the trial court's interlocutory order denying his motion to compel mediation then arbitration. However, even if the trial court implicitly denied Mustafa's motion to compel mediation before arbitration, we lack jurisdiction to review an interlocutory order denying referral of a matter to mediation. *See In re D.C.*, No. 07-11-00046-CV, 2011 Tex. App. LEXIS 1461, at *3 (Tex. App.—Amarillo Feb. 28, 2011, no pet.) (mem. op.) ("We have no appellate jurisdiction to review an interlocutory order granting or denying referral of a matter to mediation."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a) (providing for interlocutory appeals generally).

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed:   September 24, 2015