**Rick BATES, Marianne Bates, and Dorothy Bates, Appellants,**

**v.**

**MTH HOMES–TEXAS, L.P. d/b/a Hammonds Homes and Meritage Corporation, Appellees.**

**In re Rick Bates, Marianne Bates, and Dorothy Bates, Relators.**

Nos. 01–04–01086–CV, 01–04–01156–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 28, 2005.

420

Amanda Leigh Richards, Richard L. Tate, Tate & Associates, Richmond, TX, for Appellant.

Thi Anh Tran, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

In dual proceedings, appellants/relators, Rick Bates, Marianne Bates, and Dorothy Bates ("Bates"), challenge the trial court's order that granted appellees/real parties in interest, MTH Homes–Texas, L.P. d/b/a Hammonds Homes and Meritage Corporation's ("Hammonds"), motion to compel arbitration.[1] In one issue, Bates contends that the trial court erroneously found an

agreement to arbitrate. We dismiss the interlocutory appeal for want of jurisdiction and conditionally grant the petition for writ of mandamus.

## Background

On January 26, 2004, Bates filed suit against Hammonds because of defects sustained during the construction of Bates's new home. On September 9, 2004, Hammonds filed a motion to compel arbitration based on a clause in an earnest-money contract addendum. On September 28, 2004, the trial court granted the motion to compel. Bates filed both an interlocutory appeal and a petition for writ of mandamus complaining of the trial court's order. On January 21, 2005, we stayed the trial court's arbitration order.

## Appeal

■ The trial court did not expressly determine whether the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA") applies. *See* 9 U.S.C. §§ 1–16 (2004); TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon Supp.2004–2005). Our method of review usually depends on which act applies. However, because mandamus, not interlocutory appeal, lies over an order granting a motion to compel arbitration, whether under the TAA or the FAA, we need not determine which act applies. *See Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 834 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (combined appeal & orig. proceeding). Accordingly, we dismiss Bates's interlocutory appeal for want of jurisdiction.

## Mandamus

### Standard of Review

■ Mandamus is an extraordinary remedy that will issue only to correct a

---

1. The underlying lawsuit is *Rick Bates, Marianne Bates, & Dorothy Bates v. MTH Homes–Texas, L.P. D/B/A Hammonds Homes & Meri-* *tage Corporation*, No. 2004–38830 (11th Dist. Ct., Harris County, Texas).

clear abuse of discretion or the violation of a legal duty when there is no adequate remedy at law. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). When a trial court erroneously grants a party's motion to compel arbitration, the movant has no adequate remedy at law and is entitled to a writ of mandamus. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex.2001). We review the trial court's order for abuse of discretion. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271 (Tex.1992); *Trico Marine Servs., Inc. v. Stewart & Stevenson Technical Servs. Inc.*, 73 S.W.3d 545, 548 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (combined appeal & orig. proceeding). A trial court abuses its discretion when it errs in determining what the law is or in applying the law to the facts. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 703 (Tex.1998); *Trico Marine Servs.*, 73 S.W.3d at 548. The trial court's order does not state its grounds for granting Hammonds' motion to compel arbitration. Thus, we review the grounds stated in Hammonds' motion and affirm the trial court's order if any of the grounds are meritorious. *See In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding); *North American Shipbuilding, Inc. v. Southern Marine & Aviation*, 930 S.W.2d 829, 832 (Tex.App.-Houston [1st Dist.] 1996, no writ).

### Agreement to Arbitrate

In its first issue, Bates argues that there is no agreement to arbitrate.

 A party cannot be required to arbitrate unless it has agreed to do so. *Trico Marine Servs.*, 73 S.W.3d at 548 (quoting *Hou–Scape, Inc. v. Lloyd*, 945 S.W.2d 202, 205 (Tex.App.-Houston [1st Dist.] 1997, orig. proceeding)); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 171.021(a) (Vernon Supp.2004–2005) (re-quiring judge to order arbitration upon finding agreement to arbitrate). "The parties' agreement to arbitrate must be clear. In this determination, Texas contract law applies." *Trico Marine Servs.*, 73 S.W.3d at 548 (citations omitted). "Construction of an unambiguous contract is a question of law." *Id.* (citing *MCI Telecommunications Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 650 (Tex.1999)). This Court may not expand upon the terms of the contract or tolerate a liberal interpretation of it by reading into it a voluntary, consensual agreement to arbitrate when one otherwise does not exist. *See Seale v. Roy M. Mitchell Contracting Co.*, 321 S.W.2d 149, 151 (Tex.Civ.App.-Austin 1959, writ ref'd) (finding "no clear incorporation of the arbitration provisions of the principal contract into the subcontract between" the parties); *In re ACG Cotton Mktg., L.L.C.*, 985 S.W.2d 632, 633 (Tex.App.-Amarillo 1999, orig. proceeding); *Escajeda v. Cigna Ins. Co.*, 934 S.W.2d 402, 407 (Tex.App.-Amarillo 1996, no writ) ("[B]efore a contract can be read as delegating to third-parties that power [as sole arbiters of reasonableness and necessity of all future medical expenses], the words evincing the delegation must be express, plain, clear, and certain.").

 Whether an enforceable agreement to arbitrate exists is a legal question subject to de novo review. *In re Kellogg Brown & Root*, 80 S.W.3d 611, 615 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding). Although an arbitration agreement does not have to assume any particular form, the language of the agreement must clearly indicate the intent to arbitrate. *See Massey v. Galvan*, 822 S.W.2d 309, 316 (Tex.App.-Houston [14th Dist.] 1992, writ denied). Without an agreement to arbitrate, arbitration cannot be compelled. *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex.1994) (orig.proceeding).

■ Under both the TAA and the FAA, a party seeking to compel arbitration has the initial burden to establish the arbitration agreement's existence and to show that the claims asserted fall within the agreement's scope. *In re Kellogg Brown & Root,* 80 S.W.3d at 615; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 171.021(a). If the party seeking arbitration carries its initial burden, the burden then shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement. *See In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex. 1999); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 171.021(b) (Vernon Supp.2004– 2005); *Mohamed,* 89 S.W.3d at 835.

In its motion to compel arbitration, Hammonds relied on the following clause of the earnest money contract addendum to show the parties' intent to arbitrate:

THIS CONTRACT IS SUBJECT TO CHAPTER 27 OF THE TEXAS PROPERTY CODE. THE PROVISIONS OF THAT CHAPTER MAY AFFECT THE PURCHASER'S RIGHT TO RECOVER DAMAGES ARISING FROM THE PERFORMANCE OF THIS CONTRACT. IF PURCHASER HAS A COMPLAINT CONCERNING A CONSTRUCTION DEFECT ARISING FROM THE PERFORMANCE OF THIS CONTRACT AND THAT DEFECT HAS NOT BEEN CORRECTED THROUGH NORMAL WARRANTY SERVICE, THE PURCHASER MUST PROVIDE NOTICE REGARDING THE DEFECT TO THE BUILDER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, NOT LATER THAN THE 60TH DAY BEFORE THE DATE THE PURCHASER INITIATES A CLAIM TO RECOVER DAMAGES IN AN ARBITRATION PROCEEDING. THE NOTICE MUST REFER TO CHAPTER 27 OF THE TEXAS PROPERTY CODE, AND MUST DESCRIBE THE CONSTRUCTION DEFECT. IF REQUESTED BY THE BUILDER, THE PURCHASER MUST PROVIDE THE BUILDER AN OPPORTUNITY TO INSPECT AND CURE THE DEFECT AS PROVIDED BY SECTION 27.004 OF THE TEXAS PROPERTY CODE.[2]

■ Hammonds argues that this clause shows that the parties intended to waive the right to a trial and instead to resolve any disputes through binding arbitration. Hammonds contends that if the parties had intended something other than arbitration, they would have used language such as "court of law," instead of "arbitration proceeding." [3]

---

2. This clause is substantially similar to former section 27.007 of the Texas Property Code. *See* Act of May 8, 1999, 76th Leg., R.S., ch. 189, 1999 Tex. Gen. Laws 666–667, amended 2003 (current version at TEX. PROP.CODE ANN. § 27.007 (Vernon Supp.2004–2005)). One difference exists, however, in that at the end of the third sentence former section 27.007 provided, "before the date you file suit to recover damages in a court of law." *Id.* In 2003, section 27.007 was amended to provide, "before the date you file suit to recover damages in a court of law or initiate arbitration." *See* TEX. PROP.CODE ANN. § 27.007. Because the events that preceded this cause of action oc- curred prior to the 2003 amendments, the 2000 version of the statute applies.

3. Hammonds additionally asserts that Bates has waived any arguments regarding the interpretation of the addendum language because Bates has not analyzed whether the clause at issue demonstrates an intent to arbitrate. We disagree; the interpretation of an unambiguous arbitration clause is a question of law for the Court. *See Trico Marine Servs.,* 73 S.W.3d at 548. Hammonds also relies on other arguments related to other documents to demonstrate the parties' intent to arbitrate. These additional arguments were not includ-

■ We disagree that this language is sufficiently "express, plain, clear, and certain" to evince the agreement of the parties to delegate to arbitrators the power to decide disputes between them. *See ,Escajeda,* 934 S.W.2d at 407. The clause in the earnest money contract addendum on which Hammonds relies is not a traditional arbitration clause. Rather, it is substantially similar to the statutorily mandated *disclosure statement* provided for in former section 27.007 of the Texas Property Code.[4] *See* Act of May 8, 1999, 76th Leg., R.S., ch. 189, 1999 Tex. Gen. Laws 666–667 (amended 2003) (current version at TEX. PROP.CODE ANN. § 27.007 (Vernon Supp. 2004–2005)). Section 27.007 is entitled, "Disclosure Statement Required." *Id.* The clause required pursuant to section 27.007 and the one at issue here both instruct the buyer regarding the giving of notice of construction defects to the seller. *See Sanders v. Constr. Equity, Inc.,* 42 S.W.3d 364, 371–72 (Tex.App.-Beaumont 2001, pet. denied). Although the clause in the earnest money contract addendum refers to arbitration, it does not limit the parties' rights to arbitration only. Rather, the clause—a statutorily required disclosure statement—provides the notice procedures to follow if a party seeks damages in an arbitration proceeding.

We conclude that the clause on which Hammonds relies, although it includes the word "arbitration," is not sufficient to constitute an agreement to arbitrate because it does not clearly indicate the intent to arbitrate. Thus, contrary to Hammonds' argument, the parties did not expressly agree in writing in the clause at issue to submit the dispute to arbitration. *See Glazer's Wholesale Distribs., Inc. v. Heineken U.S.A., Inc.,* 95 S.W.3d 286, 297 (Tex.App.-Dallas 2001, pet. granted, judgm't vacated w.r.m.); *In re Anaheim Angels Baseball Club, Inc.,* 993 S.W.2d 875, 880 (Tex.App.-El Paso 1999, orig. proceeding).

We sustain Bates's first issue.

## Conclusion

We dismiss the interlocutory appeal in appellate cause number 01–04–01086–CV for want of jurisdiction. We conditionally grant the petition for writ of mandamus in appellate cause number 01–04–01156–CV and order the trial court to vacate its September 28, 2004 order granting the motion to compel arbitration of the real parties in interest. The writ will issue only if the trial court fails to vacate its order. We withdraw our January 21, 2005

---

ed in the motion to compel arbitration, and no reporter's record has been provided. Because Hammond's arguments were not presented to the trial court, we do not consider them here. *See AutoNation USA Corp. v. Leroy,* 105 S.W.3d 190, 201 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). We consider the record as it appeared before the trial court at the time of its ruling on the motion to compel arbitration. *In re Profanchik,* 31 S.W.3d 381, 386 (Tex.App.-Corpus Christi 2000, orig. proceeding). Thus, we also do not consider documents presented in Hammonds' brief that were admittedly not before the trial court.

4. Former section 27.007 provided in relevant part:

This contract is subject to Chapter 27, Property Code. The provisions of that chapter may affect your right to recover damages arising from the performance of this contract. If you have a complaint concerning a construction defect arising from the performance of this contract and that defect has not been corrected through normal warranty service, you must provide notice regarding the defect to the contractor by certified mail, return receipt requested not later than the 60th day before the date you file suit to recover damages in a court of law.

Act of May 8, 1999, 76th Leg., R.S., ch. 189, 1999 Tex. Gen. Laws 666–667 (amended 2003) (current version at TEX PROP.CODE ANN. § 27.007 (Vernon Supp.2004–2005)).

order staying all proceedings in the trial court. All pending motions are hereby denied.