Opinion issued September 29, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01029-CV




BOB CHAMBERS, et al., Appellants




V.

JOHN O’QUINN, JOHN M. O’QUINN, P.C., and JOHN M. O’QUINN
D/B/A O’QUINN & LAMINACK, Appellees




On Appeal from the 61st District Court
Harris County, Texas
Trial Court No. 1999-58265



 

MEMORANDUM OPINION
          This suit was brought by appellants, Bob Chambers and 182 others, against
John O’Quinn, John M. O’Quinn, P.C., and John M. O’Quinn D/B/A O’Quinn &
Laminack, for legal malpractice. Appellants appeal from the trial court’s orders
dismissing their suit for want of prosecution and overruling their motion for
reinstatement and new trial. We determine whether we have jurisdiction to decide (1)
whether the trial court erred in granting appellees’ motion to compel arbitration or (2)
whether the trial court erred in dismissing appellants’ suit for want of prosecution. 
We dismiss the appeal for want of jurisdiction.
Background
          Appellants filed a legal-malpractice suit against appellees on November 23,
1999. Appellees filed a motion to compel arbitration. On April 14, 2000, the trial
court granted appellees’ motion to compel arbitration.
          On December 20, 2001, appellants filed a petition for writ of mandamus in this
Court, complaining of the order compelling arbitration. We issued an opinion on
January 7, 2002, denying appellants’ petition for writ of mandamus because it was
unverified. See In re Chambers, No. 01-01-01216-CV, 2002 WL 24567 (Tex.
App.—Houston [1st Dist.] Jan. 7, 2002, orig. proceeding) (not designated for
publication). On January 10, 2002, appellants filed a petition for writ of mandamus
in the Fourteenth Court of Appeals, asking that court to order the trial court to
withdraw its order compelling arbitration.


 The Fourteenth Court of Appeals issued
an opinion on February 7, 2002, denying appellants’ petition for writ of mandamus. 
On March 18, 2002, appellants filed another petition for writ of mandamus in the
Texas Supreme Court, which petition was also denied.



          On January 15, 2004, the trial court signed an order decreeing that “unless a
final arbitration hearing on [appellants’] claims has commenced before the American
Arbitration Association on or before July 9, 2004, [appellants’] claims shall be
DISMISSED FOR WANT OF PROSECUTION.” On July 21, 2004, the trial court
signed an order dismissing appellants’ suit for want of prosecution because no final
arbitration hearing had commenced by July 9, 2004. On August 5, 2004, appellants
filed a motion for reinstatement or new trial. After a hearing on August 20, 2004, the
trial court denied appellants’ motion for reinstatement or new trial. On September 22,
2004, appellants filed this appeal from the trial court’s dismissal for want of
prosecution.
 

          After the dismissal, the parties proceeded to arbitration. Appellees filed a
motion for summary judgment in those proceedings. The arbitrator granted appellees’
summary-judgment motion and entered an award that appellants take nothing on their
claims. Appellants filed a new lawsuit to vacate the arbitration award.


 The same
trial court that had dismissed appellants’ suit for want of prosecution, the 61st District
Court, held a hearing on appellants’ application for vacatur. The trial court entered
a final judgment on June 10, 2005, denying appellants’ request to vacate the
arbitration award and confirming the arbitration award. Appellants filed another
appeal among the same parties in this Court from the trial court’s June 10 final
judgment.


Order Compelling Arbitration
          Appellants argue in their first point of error that the trial court erred by granting
appellees’ motion to compel arbitration. 
          An order compelling arbitration is an unappealable interlocutory order;
however, mandamus relief is proper when the trial court improperly issues an order
compelling arbitration. In re Am. Homestar of Lancaster, Inc., 50 S.W.3d 480, 483
(Tex. 2001); Bates v. MTH Homes-Texas, L.P., 177 S.W.3d 419, 422 (Tex.
App.—Houston [1st Dist.] 2005, orig. proceeding); see Tex. Civ. Prac. & Rem.
Code Ann. §171.098 (Vernon Supp. 2005). 
          On December 20, 2001, appellants filed a petition for writ of mandamus in this
Court. We issued an opinion on January 7, 2002, denying appellants’ petition for
writ of mandamus because it was unverified. See In re Chambers, 2002 WL 24567. 
On January 10, 2002, appellants filed a petition for writ of mandamus in the
Fourteenth Court of Appeals, asking the court to order the trial court to withdraw its
order compelling arbitration. The Fourteenth Court of Appeals issued an opinion on
February 7, 2002, denying appellants’ petition for writ of mandamus. On March 18,
2002, appellants filed another petition for writ of mandamus in the Texas Supreme
Court, which petition was also denied. The Fourteenth Court of Appeals and the
Texas Supreme Court have already denied mandamus relief to appellants on this issue
of whether the trial court improperly granted appellees’ motion to compel arbitration. 
We do not have appellate jurisdiction to review the Fourteenth Court of Appeals’s or
Texas Supreme Court’s rulings in the hereinabove mentioned original proceedings. 
See Ammex Warehouse Co. v. Archer, 381 S.W.2d 478, 484 (Tex. 1964); Dorsett v.
State, No. 02-06-173-CR, 2006 WL 2034301, *1 (Tex. App.—Fort Worth July 20,
2006, orig. proceeding) (not designated for publication); see also Tex. R. App. P.
52.8.
          Moreover, it is well-settled that a controversy must exist between the parties
at every stage of the legal proceedings, including the appeal. Allstate Ins. Co. v.
Hallman, 159 S.W.3d 640, 642 (Tex. 2005); Bd. of Adjustment of San Antonio v.
Wende, 92 S.W.3d 424, 427 (Tex. 2002); Williams v. Lara, 52 S.W.3d 171, 184 (Tex.
2001). “If a controversy ceases to exist—“the issues presented are no longer “live”
or the parties lack a legally cognizable interest in the outcome’—the case becomes
moot.” Wende, 92 S.W.3d at 427 (citations omitted). Because arbitration is over and
a final judgment has been rendered as to all issues, appellants’ complaint that the trial
court erred by granting appellees’ motion to compel arbitration is moot.
          We thus decline to address appellants’ first point of error.
Dismissal for Want of Prosecution
             Appellants argue in their second point of error that the trial court erred in
dismissing their suit for want of prosecution and request that the trial court’s
dismissal be reversed. 
          The trial court signed an order on July 21, 2004, dismissing appellants’ suit for
want of prosecution because no final arbitration hearing had commenced by July 9,
2004, as ordered. After the dismissal, the parties proceeded to arbitration. The
arbitrator granted appellees’ summary-judgment motion and entered an award that
appellants take nothing on their claims. Appellants filed a new lawsuit to vacate the
arbitration award. The same trial court that dismissed appellants’ suit for want of
prosecution in this matter held a hearing on appellants’ application for vacatur. The
trial court entered a final judgment on June 10, 2005, denying appellants’ request to
vacate the arbitration award and confirming the arbitration award. Section 171.083
of the Texas Civil Practice and Remedies Code allowed appellants to seek a court
order vacating the arbitration award after the conclusion of the arbitration. See Tex.
Civ. Prac. & Rem. Code Ann. §171.083 (Vernon Supp. 2005). Appellants did this
before the same court. 
          Because arbitration is over and the same trial court that dismissed appellants’
suit for want of prosecution has entered a final judgment in the same matter,
appellants’ complaint that the trial court erred by dismissing appellants’ suit for want
of prosecution is moot.
          We thus decline to address appellants’ second point of error.

Conclusion
          We lack jurisdiction over an appeal in which issues are moot and for which
there is no appellate jurisdiction. See Hallman, 159 S.W.3d at 642; Ammex
Warehouse Co., 381 S.W.2d at 484; see also Tex. R. App. P. 42.3. Accordingly, we
dismiss the appeal for want of jurisdiction.
                    

 


                                                             Tim Taft
                                                             Justice 
Panel consists of Justices Taft, Keyes, and Hanks.  

Appendix A

1.       ALLEN, ANGELESTINE
2.       ALLEN, ALTON
3.       ALLEN, BERTRAND
4.       ANDERSON, DONALD
5.       ARCLESSE, ANDRE
6.       ARCLESSE, FRANKIE
7.       ARCLESSE, CLARENCE
8.       ARCLESSE, CLARENCE (JR.)
9.       AUGUST, ANTHONY
10.     BABERS, HENRY
11.     BABERS, ABDULAH
12.     BABERS, RODERICK
13.     BABERS, MARIE
14.     BANKS, PARIS
15.     BELL, DOROTHY
16.     BELL, ALECIA
17.     BLACKSHEAR, JERRY
18.     BLACKSHEAR, OLEVIA
19.     BLACKSHEAR, THELMA
20.     BOLDEN, SHERRY
21.     BOUGERE, CECILIA
22.     BOUGERE, ROME
23.     BOUGERE, ROME (JR.)
24.     BOYD, BIRDIE
25.     BOYD, WILLIAM (JR.)
26.     BOYD, ANGELA
27.     BOYD, RODERICK
28.     BOYD, RYAN
29.     BROADNAX, EZELL
30.     BROADNAX, IRENE
31.     BROADNAX, SHARON
32.     BROWN, CEDRIC
33.     BROWN, LATREYA
34.     BROWN, LATANYA
35.     BRYANT, EARNESTINE
36.     BUCKNER, ARTHUR (II)
37.     BUCKNER, SANCHA
38.     BUCKNER, ARTHUR (III)
39.     BUCKNER, MARTHA
40.     CAMPBELL, JOHN
41.     CARMEN, LEVON
42.     CARMEN, MARVI
43.     CARMEN, LIONEL
44.     CHAMBERS, BOB
45.     CHAMBERS, DANIEL
46.     CHAMBERS, KEVIN D.
47.     CHAMBERS, KENNETH W. (SR.)
48.     CHAMBERS, KENNETH W. (JR.)
49.     CHAMBERS, BOBBY
50.     CHAMBERS, SANDRA
51.     CHAMBERS, CHRISTINA
52.     CHAMBERS, COURTNEY
53.     COMEAUX, ANN GELL
54.     COMEAUX, REV. LEARON
55.     COMEAUX, SANDRA
56.     COMEAUX, LEARON (JR.)
57.     COTTON, MARILYN
58.     DAVIS, JAMES
59.     DAVIS, JASON
60.     DAVIS, NIKIA
61.     DAVIS, LOIS
62.     DEMBY, HERBERT
63.     DEMBY, ROSA
64.     DIXON, LAWRENCE
65.     DUGAR, JOSEPH
66.     DUPLECHAIN, PATRICIA
67.     DUPLECHAIN, LAWRENCE
68.     ERZELL, KIRK
69.     ETIENNE, PEARLEY
70.     ETIENNE, D. DYRON
71.     ETIENNE, ADAM
72.     ETIENNE, DEANDRA
73.     FACTOR, JERRY
74.     FACTOR, JACQUELINE
75.     FIELDER, VIVIAN
76.     FIELDER, OTIS
77.     FOSTER, JANISHA
78.     FOSTER, RAIMON
79.     FOSTER, JANICE
80.     FREEMAN, BETTY
81.     GANTS, BARTHOLOMEW
82.     GARDNER, ANITA
83.     GARRETT, JAMES
84.     GEORGE, KENNETH
85.     GEORGE, ALICE
86.     GIPSON, LATRICE
87.     GIPSON, REGINALD
88.     GLOVER, PERRY
89.     GLOVER, ROSA
90.     GLOVER, TELISHA
91.     GLOVER, TRACY
92.     GRADY, WILLIAM
93.     GREEN, LUCY
94.     GREER, VERONICA
95.     GREER, LACHEA
96.     GUILLORY, FALONIA
97.     GUILLORY, JOHN
98.     GUY, JOHN
99.     GUY, BETTIE
100.   HAMILTON, HELEN
101.   HOLLEY, CATHRESHA
102.   JACKSON, OLETHA
103.   JOHNSON, DIMITRIA
104.   JOHNSON, MONTIQUE
105.   JOHNSON, RUFUS
106.   JOHNSON, FERDANA
107.   JOHNSON, DOROTHY
108.   JOHNSON, FREDDIE (JR.)
109.   JONES, DARRELL
110.   JORDAN, DARRELL
111.   JORDAN, VERNA
112.   JORDEN, BOBBY (JR.)
113.   JORDEN, EBONY
114.   JORDEN, ROSA
115.   JORDEN, ROSALYN
116.   JORDEN, BOBBY
117.   JORDEN, BOBBY (SR.)
118.   JOSEPH, LEROY
119.   KINNERSON, TERRENCE
120.   KINNEY, DAVIS
121.   LEE, LILLYANN
122.   LEWIS, RODNEY
123.   LEWIS, RUBY
124.   LEWIS, JOHN
125.   LINER, BETTY
126.   LINER, LEON
127.   LOTT, WILLIAM
128.   MAYS, CHERYL
129.   MAYS, TERRENCE
130.   MAYS, GREGORY
131.   MCGREW, HELEN
132.   MCGREW, JOHNNIE
133.   MILLS, MARION
134.   MILLS, ROBRIAN
135.   MINOR, GENTRY (SR.)
136.   MINOR, HORACE
137.   MINOR, HAZEL
138.   MINOR, TRENT
139.   MINOR, GENTRY (JR.)
140.   MINOR, MARTHA
141.   MINOR, SCHERAZADE
142.   PAGE, FRANK
143.   PICKENS, ALFRED
144.   PICKENS, ROSHALETTE
145.   PICKENS, CONSTANCE
146.   RANDLE, DANIEL
147.   RANDLE, KIMBERLY
148.   RANDLE, GWEN
149.   RANDLE, ANGELA
150.   REDMOND, LILLIE
151.   REDMOND, ALBERT
152.   RICHARDSON, CYNTHIA
153.   RICHARDSON, ROBERT
154.   ROBERTS, RODERIC
155.   ROBERTS, CREIGHTON
156.   ROBERTS, DELORES
157.   ROBERTS, CURTIS
158.   ROBINSON, JEROME
159.   ROGERS, XAVIER
160.   ROSETTE, BERNISE
161.   SHAW, DEBRA
162.   SMITH, NORLEAN
163.   STEWART, JOHN W.
164.   STEWART, NORMA
165.   STEWART, RODNEY
166.   TAYLOR, MARY
167.   THOMAS, ELLEN
168.   THOMAS, ERICKA
169.   THOMPSON, JERRY
170.   THOMPSON, MARY E.
171.   THOMPSON, ANITRIA
172.   THOMPSON, MARGIE
173.   WARD, CHRISTINA
174.   WARD, CLARENCE (III)
175.   WICKS, WANDA
176.   WILCOX, CHARLES
177.   WILCOX, CHARLES D.
178.   WILCOX, LATOYA
179.   WILCOX, JOAN
180.   WILLIAMS, LOLA ANN
181.   WILLIAMS, JAMES
182.   WILSON, THERIS
183.   WRIGHT, WILMA