Dismissed and Memorandum Opinion filed December 21, 2006








Dismissed
and Memorandum Opinion filed December 21, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01018-CV

____________

 

WM. B. EMMONS and MARY CRIS EMMONS,
Appellants

 

V.

 

MARRIOTT RESORTS HOSPITALITY
CORPORATION 

d/b/a MARRIOTT VACATION CLUB
INTERNATIONAL, and 

MARRIOTT INTERNATIONAL, INC.,
Appellees

 



 

On Appeal from the 113th District
Court

Harris County, Texas

Trial Court Cause No.
2006-45584

 



 

M E M O R
A N D U M  O P I N I O N

This is
an attempted appeal from an interlocutory order compelling arbitration signed
October 16, 2006.  Appellants= notice of appeal was due November 16, 2006, but was filed
November 13, 2006.  See Tex. R.
App. P. 26.1(b), 28.1.  The clerk=s record was filed on November 16,
2006.  On November 17, 2006, appellants filed a motion for extension of time to
file their notice of appeal.  See Tex.
R. App. P. 26.3.  








Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be
appealed only if permitted by statute.  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  

Orders
compelling arbitration are interlocutory.  Brook v. Pep Boys Auto. Superctrs.,
Inc., 104 S.W.3d 656, 660 (Tex. App.CHouston [1st Dist.] 2003, no pet.). 
Moreover, the trial court stayed the underlying case pending arbitration,
making its order interlocutory.  Cf. Childers v. Advanced Found. Repair,
L.P., 193 S.W.3d 897, 898 (Tex. 2006) (holding order compelling arbitration
was final where court dismissed the case Ain its entirety@).  

The
Texas Arbitration Act provides for appeals from interlocutory orders denying
motions to compel arbitration or granting stays of arbitration.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a) (Vernon 2005) (emphasis
added).  A petition for writ of mandamus, not an interlocutory appeal, is the
proper forum in which to challenge an order granting a motion to compel
arbitration.[1]  Bates v.
MTH Homes-Texas, L.P., 177 S.W.3d 419, 421 (Tex. App.CHouston [1st Dist.] 2002, no pet.).

On
November 20, 2006, notification was transmitted to the parties of this court=s intention to dismiss the appeal for
want of jurisdiction unless appellants filed a response  on or before December
8, 2006, demonstrating grounds for continuing the appeal.  See Tex. R. App. P. 42.3(a).  Appellants
filed no response to our notice.

Accordingly,
the appeal is ordered dismissed.  Appellants= motion for extension of time to file
their notice of appeal is denied as moot.

PER
CURIAM

Judgment rendered and Memorandum Opinion filed
December 21, 2006.

Panel consists of Chief Justice Hedges and Justices
Fowler and Edelman.









[1]  On November 30, 2006, appellants filed a petition
for writ of mandamus, which was docketed under our case number 14-06-01063-CV. 
The petition remains pending before the court.