# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00402-CV

---

**Mainthia Technologies, Inc. and Hemant Mainthia, Appellants**

**v.**

**Recruiting Force, LLC d/b/a Recruit Veterans, on behalf of itself and derivatively on behalf of RVMTI, LLC, Appellee**

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 19-1590-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants Mainthia Technologies, Inc., and Hemant Mainthia (collectively, Mainthia) challenge a district court's order denying a motion to compel arbitration and declaring that a joint-venture agreement between Mainthia Technologies, Inc., and Recruiting Force, LLC, "does not include an agreement to arbitrate." *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(1) (allowing interlocutory appeal from order denying motion to compel arbitration). We affirm.

## BACKGROUND[1]

The facts material to our resolution of this appeal are largely undisputed. In January of 2016, Mainthia Tech and Recruiting Force entered into a joint-venture agreement "to obtain a Services Contract for the performance of Boeing Engineering Technical Services." The

---

[1] For convenience, we will refer to Mainthia Technologies, Inc., as "Mainthia Tech" and to Recruiting Force, LLC, as "Recruiting Force."

parties registered the joint venture as a limited-liability company named "RVMTI," with Recruiting Force owning 51% of the company and Mainthia Tech owning the remainder. RVMTI then successfully obtained the desired technical-services contract with Boeing.

By late 2018, Mainthia Tech and Recruiting Force disagreed as to the most effective way to manage RVMTI and its contract with Boeing. The parties initially attempted to resolve their disagreement through mediation, but when negotiations broke down, Recruiting Force sued Mainthia for breach of contract and breach of fiduciary duty. It also brought derivative claims against Mainthia on behalf of RVMTI. As redress for the alleged wrongs, Recruiting Force sought declaratory relief, actual and exemplary damages, disgorgement of any unjust enrichment, and attorney's fees. Recruiting Force then filed a motion for partial summary judgment in which it sought a series of declarations clarifying its rights and responsibilities under the joint-venture agreement.

In response to the lawsuit and the motion for summary judgment, Mainthia filed a motion to compel arbitration, arguing that the dispute is subject to arbitration pursuant to subparagraph 19.1.2 of the joint-venture agreement. That subparagraph provides, "Should the Parties be unable to resolve said dispute(s) through good faith negotiation, the Parties agree to attempt in good faith to resolve said dispute(s) through mediation administered by the American Arbitration Association under its Commercial Mediation Rules as a condition precedent to arbitration as herein provided." Mainthia interprets the subparagraph as mandating "a three-stage procedure for resolution of the dispute." As Mainthia explained in its motion, "First, the parties must attempt, in good faith, to negotiate a solution to their dispute," "[s]econd, the parties must participate in mediation," and "third, the parties must submit the matter for decision in arbitration."

2

Recruiting Force disagreed with Mainthia's interpretation of subparagraph 19.1.2, arguing that this "single, stray reference to arbitration" represents, at most, an option to arbitrate any disagreement. Recruiting Force urged the district court to reject Mainthia's construction and deny the motion to compel.

The district court held a hearing at which the parties presented argument regarding their respective interpretations of the joint-venture agreement but admitted no evidence other than the joint-venture agreement itself. At the conclusion of the hearing, the district court expressed skepticism as to Mainthia's interpretation but agreed to take the motion under advisement. It subsequently issued an order denying the motion to compel arbitration and declaring that "the [joint-venture] agreement attached as Exhibit 1 to Plaintiff's Original Petition does not include an agreement to arbitrate." It then awarded Recruiting Force attorney's fees and costs in an amount to be determined at an evidentiary hearing. Mainthia timely filed this appeal.

## DISCUSSION

Mainthia raises two issues on appeal. First, it contends the district court abused its discretion by denying its motion to compel arbitration. Second, it argues the district court erred as a matter of law by awarding attorney's fees and costs to Recruiting Force.

### The Motion to Compel Arbitration

In its first issue on appeal, Mainthia argues the district court should have granted its motion to compel arbitration because, it contends, the joint-venture agreement includes a binding arbitration clause. We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court's factual findings but examining any legal issues, such as questions regarding contract interpretation, de novo. *See Robinson v. Home*

3

*Owners Mgmt. Enters., Inc.*, 549 S.W.3d 226, 230–31 (Tex. App.—Fort Worth 2018), *aff'd*, 590 S.W.3d 518 (2019); *Oak Crest Manor Nursing Home, LLC v. Barba*, No. 03-16-00514-CV, 2016 WL 7046844, at *2 (Tex. App.—Austin Dec. 1, 2016, no pet.) (mem op.).

The parties have not indicated whether the Texas Arbitration Act (TAA), Tex. Civ. Prac. & Rem. Code §§ 171.001–.098, or the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–307, would govern arbitration of this dispute, but we find it unnecessary to make that determination to dispose of this appeal. Under both the TAA and the FAA, the party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement. *See* 9 U.S.C. § 4; Tex. Civ. Prac. & Rem. Code § 171.021(a); *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *In re Kellogg Brown & Root, Inc*., 166 S.W.3d 732, 737 (Tex. 2005). And under both the TAA and the FAA, we apply traditional principles of contract interpretation to determine whether the parties agreed to submit disputes to arbitration. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Accordingly, we will examine the language used in the joint-venture agreement as the best evidence of the parties' intent. *See Frost Nat'l Bank v. L&F Distribs., Ltd*., 165 S.W.3d 310, 311–12 (Tex. 2005) (per curiam); *J.M. Davidson*, 128 S.W.3d at 229. We must consider the disputed provisions in light of the joint-venture agreement as a whole and attempt to harmonize and give effect to all its provisions. *Frost Nat'l Bank*, 165 S.W.3d at 312; *J.M. Davidson*, 128 S.W.3d at 229.

When they proposed the joint venture, the parties anticipated that disputes might arise and addressed that possibility in the joint-venture agreement. Subparagraph 3.4 of that agreement provides, "If a dispute arises out of or relates to this Agreement or its breach, the Joint Venturers shall endeavor to settle the dispute first through direct discussions between the Joint

Venturers' authorized representatives on the Management Committee." It continues, "If the Management Committee representatives are not able to promptly settle the dispute, such disputes or disagreements will be subject to Dispute Resolution pursuant to Paragraph 19 below."

In support of its argument that the parties agreed to submit disagreements to arbitration, Mainthia points to subparagraph 19.1.2 of the "Dispute Resolution" provisions set forth in paragraph 19. Subparagraph 19.1.2 indicates, in part, that the parties must engage in mediation as a "condition precedent to arbitration as herein provided." Mainthia argues that once the conditions precedents are satisfied, as they are in this instance, the parties have no choice but to arbitrate any remaining dispute. But a set of conditions precedent does not alone give rise to an obligation. A "condition precedent" is defined as "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises." *Black's Law Dictionary* (11th ed.). The high court has similarly described a condition precedent as "an event that must happen or be performed before a right can accrue to enforce an obligation." *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992). But in this case, as we explain below, the joint-venture agreement is devoid of any indication that the parties had "promised" or otherwise "obligat[ed]" themselves to arbitrate their dispute once the conditions precedent had been satisfied.

Consider the Dispute Resolution paragraph, which reads, in its entirety:

> 19. l. The Parties covenant and agree in the event of any claim, dispute or other matter in question arising out of or relating to the Agreement or breach thereof (hereinafter "dispute(s)"), the Parties shall continue to perform all obligations as required under this Agreement notwithstanding the existence of such dispute(s) and that either Joint Venture Party may seek such relief as may be permitted in accordance with the following terms and conditions:

5

19.1.1. The Parties agree to negotiate, in good faith, in an attempt to resolve any dispute(s) for a period of at least thirty (30) days following receipt of written notice from either Joint Venture Party to the other which shall set forth, in specifics, the nature and description of the dispute(s), the actions and inactions of the other Joint Venture Party which caused the dispute(s), and the relief or remedy requested by the notifying Joint Venture Party.

19.1.2. Should the Parties be unable to resolve said dispute(s) through good faith negotiation, the Parties agree to attempt in good faith to resolve said dispute(s) through mediation administered by the American Arbitration Association under its Commercial Mediation Rules as a condition precedent to arbitration as herein provided;

19.1.3. That the failure of either Joint Venture Party to comply with the provisions of the foregoing shall be in contravention of both Parties' express intention to implement this alternative means of dispute resolution, shall constitute a breach of these provisions, and the Parties expressly stipulate that any court having jurisdiction over the Parties shall be empowered to immediately enjoin any proceeding commenced in contravention of this paragraph and the Joint Venture Party failing to comply with these provisions shall reimburse the other Joint Venture Party for all costs and expenses (including attorney's fees) incurred in enforcing these provisions.

Other than the term's appearance in subparagraph 19.1.2, neither the word "arbitration" nor any of its variants appears in these Dispute Resolution provisions or anywhere else in the joint-venture agreement. Nor does any other language reflecting an agreement to arbitrate. *Compare*, *e.g.*, *In re U.S. Home Corp.*, 236 S.W.3d 761, 765 (Tex. 2007) (orig. proceeding) (holding warranty clause stipulating that parties "may request" arbitration, when viewed in light of related contract providing, "if not resolved by mediation, the claim will be settled in accordance with the Commercial or Construction Industry Arbitration Rules," sufficient to bind parties to arbitration), *with PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 463 (5th Cir. 2001) (collecting examples of binding arbitration agreements and holding that dispute resolution clause at issue "d[id] not make arbitration compulsory" where that clause "merely mention[ed] the word 'arbitration'" and "lack[ed] any of the universal indicia of an arbitration clause"), *and*

6

*Bates v. MTH Homes-Tex., L.P.*, 177 S.W.3d 419, 424 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding passing reference to arbitration not "sufficient to constitute an agreement to arbitrate because it does not clearly indicate *the intent* to arbitrate" (emphasis added)). Simply put, the reference to arbitration in subparagraph 19.1.2, without more, does not reflect an intent to submit disputes to arbitration.

Mainthia, however, argues that the intent to submit to arbitration is implicit in subparagraph 19.1.2's use of the word "herein." As already explained, that provision indicates that, in the event of a dispute, the parties must engage in mediation as a "condition precedent to arbitration *as herein provided*." (Emphasis added.) Mainthia assumes that the phrase "as herein provided" modifies the word arbitration. Even accepting that assumption, *see Sullivan v. Abraham*, 488 S.W.3d 294, 297–98 (Tex. 2016) (outlining canons of interpretation of modifiers), Mainthia's argument is not persuasive. "Herein" is defined as "in this thing (such as a document, section, or paragraph)." *Black's Law Dictionary* (11th ed.). Yet the joint-venture agreement makes no mention of an arbitration requirement—not in any "document" or "section" or "paragraph." Thus, the alleged agreement to arbitrate does not appear "herein" the joint-venture agreement.

We note, moreover, that the language of subparagraph 19.1.3 buttresses our interpretation. The subparagraph indicates that "the failure of either Joint Venture Party to comply with the provisions of the foregoing shall be in contravention of both Parties' *express intention to implement this alternative means of dispute resolution*." (Emphasis added.) Thus, by the subparagraph's plain language, the parties' intent—which is what we aim to discern in this review—was to implement "this" means of dispute resolution, with "this" means having been set forth in the foregoing subparagraphs. *See Stevens v. Haile*, 162 S.W. 1025, 1028 (Tex.

7

App.—Austin 1913, no writ). ("[T]he word 'this' is defined as a demonstrative adjective, used to point out with particularity a person or thing present in place or thought."). But because an arbitration requirement is not present anywhere in the foregoing provisions of paragraph 19, such a requirement is not part of the dispute-resolution process intended by the parties.

In urging this Court to find an arbitration requirement within the provisions of the joint-venture agreement, Mainthia emphasizes the fact that the contract's only reference to "court" is in the stipulation "that any court having jurisdiction over the Parties shall be empowered to immediately enjoin any proceeding commenced in contravention of this [Dispute Resolution paragraph]." Mainthia reasons that the omission of any other reference to "court" must imply that the parties agreed to turn to the judiciary only to enforce the purported arbitration agreement. But the right to seek redress in court is the rule, not the exception. *See* Tex. Const. art. I, § 13. Thus, contracting parties need not expressly consent to take potential grievances to court. *See Bates*, 177 S.W.3d at 423 (rejecting argument that, if parties had intended to allow litigation of disputes in court, "they would have used language such as 'court of law'" in contract). To the contrary, it is an agreement to submit to arbitration that must be expressly set forth by contract. *See* 9 U.S.C. § 4; Tex. Civ. Prac. & Rem. Code § 171.021(a); *Henry*, 551 S.W.3d at 115.

Ultimately, Mainthia asks us to infer from the passing reference to arbitration in subparagraph 19.1.2 that the parties intended to include arbitration among the mandatory dispute-resolution provisions listed in paragraph 19.1.3. Yet "we may neither rewrite the parties' contract nor add to its language." *Fischer v. CTMI, L.L.C*., 479 S.W.3d 231, 239 (Tex. 2016) (quoting *American Mfrs. Mut. Ins. v. Schaefer,* 124 S.W.3d 154, 162 (Tex. 2003)). Because the joint-venture agreement does not include an agreement to arbitrate, and because Mainthia has

produced no other evidence of an arbitration agreement, the district court did not abuse its discretion in denying the motion to compel arbitration. We overrule Mainthia's first issue.

**The Award of Attorney's Fees**

In its second issue on appeal, Mainthia challenges the district court's award of attorney's fees and costs to Recruiting Force, arguing that the award "rests entirely on the trial court's erroneous holding that the [joint-venture agreement] does not contain an enforceable agreement to arbitrate." As we have already explained, the court did not abuse its discretion in denying the motion to compel arbitration. Therefore, and because Mainthia raises no challenge to the award that is not predicated on its now-rejected proposed construction of the joint-venture agreement, we overrule the issue.

## CONCLUSION

Having overruled Mainthia's issues on appeal, we affirm the district court's order denying the motion to compel arbitration.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed: February 12, 2021

9