**ATRIUM WESTWOOD VIII VENTURE, et al, Appellants,**

*v.*

**BARRICK WESTWOOD LIMITED PARTNERSHIP, et al, Appellees.**

No. A14–84–849–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1985.

Charles W. Richards, Allison/Walker Interest Inc., Stafford, for appellants.

James J. McConn, Jr., Taylor, Hays, Price, McConn & Pickering, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an arbitration award which was reduced to judgment. Appellants and appellees were ordered by the trial court to submit to arbitration to resolve a controversy involving monthly rentals. Pursuant to their arbitration agreement, three arbitrators were designated to determine the controversy: one by appellant, one by appellee, and a third, neutral arbitrator, selected by both parties. Appellants' arbitrator, however, did not attend the arbitration hearing. Consequently, appellees' arbitrator withdrew from the arbitration panel, and the neutral arbitrator proceeded to the conclusion of the hearing and determined the controversy. He thereafter entered an award in favor of appellees, which was subsequently affirmed by the trial court. In three points of error appellants contends that the arbitration award is invalid because all three arbitrators were not present at the hearing. We affirm the judgment.

The procedural facts giving rise to this appeal are briefly stated. After the trial court's original order to compel arbitration, hearings were set on two dates. Both times the hearing was postponed at appellants' request. The parties then approached the trial court to resolve the date for the hearing, and the court ordered that the parties "expeditiously proceed." After unsuccessful attempts to contact appellants' arbitrator, appellees' arbitrator and the neutral arbitrator agreed on a hearing date. Notice was sent to appellants' arbitrator informing him of this date. Appellants' arbitrator notified the parties that he would be unavailable on this date as well. After receiving notice that the hearing would be held as scheduled, appellants did not avail themselves of the opportunity to appoint a substitute arbitrator. The hearing then took place on the scheduled date. Counsel for appellants attended, but did not participate. Appellants now appeal the final judgment entered on this award.

■ Two sections of the Texas General Arbitration Act guide us in our analysis of the fact situation presented here. Article 228, section A of the Act, directs that an arbitration hearing may be postponed upon a party's request and for *good cause*. The neutral arbitrator here believed no good cause was shown for postponing the hearing, and the trial court affirmed this in its findings of fact. Appellees' arbitrator alleged he would be unable to attend any hearings in June; however, no reason was given and no good cause shown. We do not believe the court acted improperly under article 228, section A.

The provisions of article 237, section A, lead us to a similar conclusion. Paragraph 4 of that section provides that a court can vacate the arbitrator's award when (1) the arbitrators refuse to postpone the hearing upon sufficient cause shown or (2) the hearing is conducted so contrary to the provisions of article 228 as to substantially prejudice appellants' rights. As detailed above, we do not believe appellants proved good or sufficient cause for postponing the hearing. Neither do we believe that the administration of the hearing was so improper as to substantially prejudice appellants. The court found that the arbitration was properly conducted under the Act and that no ground for vacating the award under article 237 was shown. No harm has been shown to have resulted from the refusal to postpone the hearing or from the absence of appellants' arbitrator from the proceedings.

■ We further note that no statement of facts was filed and appellants did not challenge the trial court's findings of fact and conclusions of law in their points of error. Appellants had the burden of establishing any facts that would require that the trial court vacate the award, a burden whose difficulty increases in the

absence of a statement of facts. *See Grissom v. Greener & Sumner Construction, Inc.,* 676 S.W.2d 709, 711–12 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). The record does not contain any indication of partiality or any other kind of misconduct in the arbitration proceedings that would necessitate vacating the award.

The record also contains the following unchallenged findings of fact and conclusions of law:

 The arbitration was properly conducted under the Texas General Arbitration Act and the award therein is a valid, binding and final award and should be adopted by the Court as the provisions of its Final Judgment;

 The arbitration was conducted in conformance with the agreement between the parties and no ground for vacating the award under Article 237 of the Texas General Arbitration Act or otherwise was shown;

These findings are binding on this appellate court. *See Wade v. Anderson,* 602 S.W.2d 347, 349 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

Appellants finally contend that article 228, section C requires that all three arbitrators be present at the commencement of the hearing. This section provides:

The hearing shall be be conducted by all the arbitrators but a majority may determine any question and render a final award. If, during the course of the hearing, an arbitrator for any reason ceases to act, the remaining arbitrator or arbitrators appointed to act as neutrals may continue with the hearing and determination of the controversy.

However, appellants do not cite any authority for their contention, nor are we able to locate such authority. Under our facts, we do not believe that the manner of conducting the hearing was improper. Although the hearing was conducted by one arbitrator, that single arbitrator was a neutral arbitrator, selected and agreed upon by appellants and appellees.

In conclusion we point out that the purpose of arbitration is to encourage speedy resolution of controversies. If the arbitrator chosen by appellants was unavailable to attend the hearing, appellants had the choice of appointing a substitute arbitrator or be bound by the decision reached by the neutral arbitrator. Appellants have failed to show that the procedure followed by the neutral arbitrator was improper under the Act, or that they were substantially prejudiced by his refusal to postpone the hearing. Appellants' three points of error are overruled.

The judgment is affirmed.