Opinion issued October 19, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00635-CV




BOB CHAMBERS, et al., Appellants




V.

JOHN O’QUINN, JOHN M. O’QUINN, P.C., & JOHN M. O’QUINN D/B/A
O’QUINN AND LAMINACK, Appellees




On Appeal from the 61st District Court
Harris County, Texas
Trial Court No. 2005-17972



 

MEMORANDUM OPINION
          This suit was brought by appellants, Bob Chambers and 182 others, against
appellees, John O’Quinn, John M. O’Quinn, P.C., and John M. O’Quinn d/b/a
O’Quinn & Laminack, for legal malpractice. Appellants challenge the trial court’s
judgment confirming an arbitration award for appellees. We determine whether the
trial court erred in confirming the arbitration award for the reasons asserted by
appellants, which were that (1) the arbitration clause in appellants’ contingent-fee
agreements with appellees should not have been enforced, (2) the arbitrator stated that
he would treat appellees’ motion for summary judgment under the principles of state
summary-judgment law and appellees did not conclusively prove that they were
entitled to summary judgment under that standard, and (3) the arbitrator made gross
mistakes. We affirm the trial court’s confirmation of the arbitrator’s decision.
Background
          Appellants filed a legal-malpractice suit against appellees on November 23,
1999. Appellees filed a motion to compel arbitration. On April 14, 2000, the trial
court granted appellees’ motion to compel arbitration.
          On December 20, 2001, appellants filed a petition for writ of mandamus in this
Court, complaining of the order compelling arbitration. We issued an opinion on
January 7, 2002, denying appellants’ petition for writ of mandamus because it was
unverified. See In re Chambers, No. 01-01-01216-CV, 2002 WL 24567 (Tex.
App.—Houston [1st Dist.] Jan. 7, 2002, orig. proceeding) (not designated for
publication). On January 10, 2002, appellants filed a petition for writ of mandamus
in the Fourteenth Court of Appeals, asking that court to order the trial court to
withdraw its order compelling arbitration.


 The Fourteenth Court of Appeals issued
an opinion on February 7, 2002, denying appellants’ petition for writ of mandamus. 
On March 18, 2002, appellants filed another petition for writ of mandamus in the
Texas Supreme Court, which petition was also denied.



          On January 15, 2004, the trial court signed an order decreeing that “unless a
final arbitration hearing on [appellants’] claims has commenced before the American
Arbitration Association on or before July 9, 2004, [appellants’] claims shall be
DISMISSED FOR WANT OF PROSECUTION.” On July 21, 2004, the trial court
signed an order dismissing appellants’ suit for want of prosecution because no final
arbitration hearing had commenced by July 9, 2004. On August 5, 2004, appellants
filed a motion for reinstatement or new trial. After a hearing on August 20, 2004, the
trial court denied appellants’ motion for reinstatement or new trial.
          After the dismissal, the parties proceeded to arbitration. Appellees filed a
motion for summary judgment in those proceedings. The arbitrator granted appellees’
summary-judgment motion and entered an award that appellants take nothing on their
claims. Appellants filed a new lawsuit to vacate the arbitration award.


 The same
trial court that had dismissed appellants’ suit for want of prosecution, the 61st District
Court, held a hearing on appellants’ application for vacatur. The trial court entered
a final judgment on June 10, 2005 denying appellants’ request to vacate the
arbitration award and confirming the arbitration award. Appellants filed this appeal
from the trial court’s June 10 final judgment.Standard of Review and the Law
          Our review of an arbitration decision is “extremely narrow” because Texas law
favors arbitration. IPCO-G. & C. Joint Venture v. A.B. Chance Co., 65 S.W.3d 252,
256 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An arbitration award has
the same effect as a judgment of a court of last resort,


 and a reviewing court may not
substitute its judgment for that of the arbitrator merely because it would have reached
a different result. J.J. Gregory Gourmet Servs., Inc. v. Antone’s Imp. Co., 927
S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ). Because arbitration
is favored as a means of dispute resolution, every reasonable presumption must be
indulged to uphold the arbitrator’s decision, and none is indulged against it. CVN
Group, Inc. v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002). Review is so limited that
a court may not vacate an arbitration award even if it is based upon a mistake of fact
or law. Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C., 183 S.W.3d 741,
752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).
          A trial court must confirm an arbitrator’s award unless, on application of a
party, grounds are offered for vacating the award. Tex. Civ. Prac. & Rem. Code
Ann. § 171.087 (Vernon 2005); see Delgado, 95 S.W.3d at 245. Under section
171.088 of the Civil Practice and Remedies Code, a court may vacate an arbitration
award under only four circumstances: (1) the award was procured by fraud,
corruption, or other undue means; (2) there was evident partiality, corruption, or
willful misconduct by the arbitrator that prejudices the rights of a party; (3) the
arbitrator exceeded its power, refused to postpone the hearing on good cause shown,
or refused to hear evidence; or (4) “there was no agreement to arbitrate, the issue was
not adversely determined in a proceeding under Subchapter B, and the party did not
participate in the arbitration hearing without raising the objection.”


 Tex. Civ. Prac.
& Rem. Code Ann. § 171.088(a) (Vernon 2005).     
          Texas common law allows a reviewing court to set aside an arbitration award
“only if the decision is tainted with fraud, misconduct, or gross mistake as would
imply bad faith and failure to exercise honest judgment.”


 IPCO, 65 S.W.3d at 256
(quoting Teleometrics Int’l, Inc. v. Hall, 922 S.W.2d 189, 193 (Tex. App.—Houston
[1st Dist.] 1995, writ denied)). “Gross mistake results in a decision that is arbitrary
or capricious. An honest judgment made after due consideration given to conflicting
claims, however erroneous, is not arbitrary or capricious.” Universal Computer Sys.,
Inc., 183 S.W.3d at 752. The party seeking to vacate an arbitration award has the
burden of demonstrating how the arbitrators made a gross mistake. Id.; Anzilotti v.
Gene D. Liggin, Inc., 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995,
no writ).
                     Confirmation of Arbitration Award
          In three points of error, appellants argue that the arbitration award should be
vacated because (1) the arbitration clause in appellants’ contingent-fee agreement
with appellees should not have been enforced, (2) the arbitrator stated that he would
treat the appellees’ motion for summary judgment under the principles of state
summary-judgment law and fact issues existed under that standard, and (3) the
arbitrator made gross mistakes.A.Order Compelling Arbitration 
          In their first point of error, appellants argue that the trial court erred because
the arbitration clause in appellants’ contingent-fee agreement with appellees should
not have been enforced. 
          Under section 171.088 of the Civil Practice and Remedies Code, a court may
vacate an arbitration award under only four circumstances: (1) the award was
procured by fraud, corruption, or other undue means; (2) there was evident partiality,
corruption, or willful misconduct by the arbitrator that prejudices the rights of a party; 
(3) the arbitrator exceeded its power, refused to postpone the hearing on good cause
shown, or refused to hear evidence; or (4) “there was no agreement to arbitrate, the
issue was not adversely determined in a proceeding under Subchapter B, and the party
did not participate in the arbitration hearing without raising the objection.”


 Tex.
Civ. Prac. & Rem. Code Ann. § 171.088(a).            
          The trial court necessarily determined that an enforceable arbitration agreement
existed when the trial court considered appellees’ motion to compel arbitration and
enforced the arbitration agreement.


 See Mohamed v. Auto Nation USA Corp., 89
S.W.3d 830, 835 (Tex. App.—Houston [1st Dist.] 2002, no writ) (combined appeal
and orig. proceeding) (holding that burden is on movant to show existence of
arbitration agreement); see also Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a). 
Appellants then had appellate review of that ruling by petitions for writ of mandamus
filed in three separate courts—the sole method for review of orders compelling
arbitration. See Bates v. MTH Homes-Texas, L.P., 177 S.W.3d 419, 422 (Tex.
App.—Houston [1st Dist.] 2005, no pet.) (combined appeal and orig. proceeding);
Mohamed, 89 S.W.3d at 834.
          We thus cannot consider a challenge to vacate the confirmation order on this
ground. See Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a) (stating that, upon
application, court shall vacate arbitration award if (1) there was no agreement to
arbitrate; (2) the issue was not adversely determined in a proceeding under
Subchapter B, which governs motions and proceedings to compel or to stay
arbitration; and (3) the party did not participate in the arbitration hearing without
raising the objection).
           We overrule appellants’ first point of error. 
B.      Arbitration Summary Judgment
          Appellants argue in their second point of error that the trial court erred because
appellees were not entitled to summary judgment at arbitration. Specifically,
appellants argue that the arbitrator stated that he would treat appellees’ motion for
summary judgment under the principles of state summary-judgment law, but that
appellees did not meet their burden under state summary-judgment law by
conclusively proving that they were entitled to summary judgment.
          Appellants presented to the trial court existence -of a fact-issue and error-in-the
application-of-the-law arguments. In their petition to vacate the arbitration award,
appellants argued that “the Arbitrator’s Award must be set aside since the evidence
raised fact issues and those fact issues should have been determined by a jury” and
that “the Arbitration Award shows on its face that the Arbitrator was mistaken about
his authority.” Appellants argue on appeal that “appellees simply did not offer
enough evidence to conclusively establish their right to summary judgment” and that
“[appellees’ arbitration summary-judgment evidence] at the very least raised fact
issues in this case, precluding summary judgment.”


 
           Assuming without deciding that the arbitrator actually decided appellees’
motion for summary judgment under the principles of state summary-judgment law,



a trial court cannot aside an arbitration award for a mere mistake of fact or law. See
Anzilotti, 899 S.W.2d at 266. Indeed, the Texas Supreme Court has held that a court
reviewing an arbitration award lacks jurisdiction to review complaints that do not
assert statutory, common law, or public policy grounds to vacate or to modify the
award. See CVN Group, Inc., 95 S.W.3d at 237–39; J.J. Gregory Gourmet Servs.,
927 S.W.2d at 33, 35. The challenges that appellants assert under their second point
of error are not the type of challenges over which the Texas Supreme Court allows
review.
           Further, appellants’ contention that their arbitration summary-judgment
evidence, which included affidavits of witnesses that allegedly raised fact issues, is
not reviewable because the record on appeal does not reflect that this evidence was
before the trial court.


 We may generally not evaluate a trial court’s rulings based
on materials that were not before it at the time that it ruled. See Hamm v. Millennium
Income Fund, L.L.C., 178 S.W.3d 256, 272 (Tex. App.—Houston [1st Dist.] 2005,
pet. denied); see also Methodist Hosps. of Dallas v. Tall, 972 S.W.2d 894, 898 (Tex.
App.—Corpus Christi 1998, no pet.) (“It is axiomatic that an appellate court reviews
actions of a trial court based on the materials before the trial court at the time it
acted.”). As the losing party seeking to vacate the arbitrators’ award, appellants had
the burden in the trial court of bringing forth a complete record and of establishing
any basis that would warrant vacating or modifying the arbitrator’s award. Atrium
Westwood VIII Venture v. Barrick Westwood Ltd. P’ship, 693 S.W.2d 699, 700–701
(Tex. App.—Houston [14th Dist.] 1985, no writ). 
          We overrule appellants’ second point of error.  
C.      Gross Mistakes
          Appellants contend in their third point of error that the trial court erred because
the arbitrator made “gross mistakes” by (1) failing to address appellants’ contention
that appellees were guilty of breach of trust and malpractice by failing to advise their
clients that the proposed underlying litigation was without merit and in filing a
frivolous suit and (2) by finding that appellees’ handling of the underlying suit
constituted collateral estoppel.
          First, appellants argue that the arbitrator failed to address their contention that
“[appellees] were guilty of breach of trust and malpractice in failing to advise
[appellants] that the proposed [underlying] litigation was without merit and in filing
a frivolous case that ended up reducing [appellants’] property values and causing a
great deal of mental anguish.” However, the record reflects that the arbitrator
considered appellants’ malpractice and breach-of-fiduciary-duty claims, made
detailed rulings, and evidenced an attempt to apply justly the applicable rules and law
in a fair hearing. The final award stated, “An appellate panel of a Texas Court of
Appeals, a federal district judge, and the Special Master appointed to oversee
settlement are aligned on the law which governs [appellants’] underlying cause of
action . . . . Therefore, [appellants’] malpractice claim based upon recommending
settlement and not pursuing a retrial fails as a matter of law.” The final award further
stated that “it appears to the arbitrator that all of [appellants’] causes of action against
[appellees] are barred because of the fact-bound preclusive effect of the Special
Master’s Report. . . . The arbitrator finds that all of the claims of [appellants], whether
pleaded in malpractice, breach of fiduciary duty, or otherwise, have been determined
adversely to [appellants] by virtue of the preclusive effect of the Special Master’s
Report and [the federal district court’s] Order adopting the report.” The record thus
shows that the arbitrator addressed appellants’ contention that “[appellees] were
guilty of breach of trust and malpractice in failing to advise [appellants] that the
proposed [underlying] litigation was without merit and in filing a frivolous case that
ended up reducing [appellants’] property values and causing a great deal of mental
anguish.” 
            Next, appellants assert that “the Arbitrator’s holding that the Special Master’s
gratuitous remarks about [appellees’] handling of the [underlying litigation] somehow
translated into collateral estoppel is clearly a ‘gross mistake.’” The “gross mistake”
of which appellants complain is not such a mistake “as would imply bad faith and
failure to exercise honest judgment.” See IPCO, 65 S.W.3d at 256. Instead,
appellants attack the arbitrator’s decisions regarding legal malpractice and breach of
fiduciary duty by asserting that the arbitrator erred in applying the law of collateral
estoppel. However, this alleged error in the application of substantive law by the
arbitrator during the proceedings in arbitration is not reviewable by the court on a
motion to vacate an award. See Universal Computer Sys., Inc., 183 S.W.3d at 752;
see also Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., 164 S.W.3d
438, 443 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (“Any error of law made
by the arbitrators . . . cannot be reviewed by a court confirming the award.”); Monday
v. Cox, 881 S.W.2d 381, 385 (Tex. App.—San Antonio 1994, writ denied) (“The
courts are not permitted to second-guess the correctness of an arbitrator’s decision on
the merits.”). Rather, our review is confined to whether the record indicates that the
arbitrator acted in bad faith or failed to exercise honest judgment—not whether we
agree or disagree with the arbitrator’s application of the law. 
          Here, the arbitrator based its finding that appellants’ claims of legal malpractice
and breach of fiduciary duty were barred because of “the fact-bound preclusive effect
of the Special Master’s Report.” Mickey Mills was appointed Special Master for the
mediation by the federal district court in the underlying litigation. Mills filed a report
dated March 24, 2000, in which he stated that he had conducted an independent
investigation of the facts related to the settlement. Mills made specific findings that
the settlement was fair and reasonable, that appellees’ expenses were fair and
reasonable, and that appellees’ representation of appellants in the representation of
the case had been fair and reasonable and in the best interest of appellants. In regard
to all of these matters, Mills determined that appellees’ representation was adequate. 
Appellants did not object to the findings made in the Special Master’s report;
accordingly it was adopted by the federal district court in an order signed on April 7,
2000. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice
& Procedure § 2615 (2ed. 1995) (stating that “[t]he findings of a master appointed
under Rule 53, to the extent that they are adopted by the court in a nonjury case, are
the findings of the district court.”); compare Robles v. Robles, 965 S.W.2d 605, 612
(Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing Novotny v. Novotny, 665
S.W.2d 171, 173 (Tex. App.—Houston [1st Dist.] 1983, writ dism’d) (concluding that
“the Master’s report is conclusive on the issues considered by the Master in the
absence of a proper objection.”).
          Appellants have not pointed to any evidence that the arbitrator acted with bad
faith or failed to exercise honest judgment or that the award that he entered wass
arbitrary or capricious. Therefore, appellants have not met their burden of
demonstrating how the arbitrator acted in bad faith or exercised dishonest judgment. 
See Anzilotti, 899 S.W.2d at 267. 
          We overrule appellants’ third point of error. 
Conclusion
We affirm the judgment of the trial court confirming the arbitration award. 

 


                                                             Tim Taft
                                                             Justice 
Panel consists of Justices Taft, Keyes, and Hanks.  

Appendix A

1.       ALLEN, ANGELESTINE
2.       ALLEN, ALTON
3.       ALLEN, BERTRAND
4.       ANDERSON, DONALD
5.       ARCLESSE, ANDRE
6.       ARCLESSE, FRANKIE
7.       ARCLESSE, CLARENCE
8.       ARCLESSE, CLARENCE (JR.)
9.       AUGUST, ANTHONY
10.     BABERS, HENRY
11.     BABERS, ABDULAH
12.     BABERS, RODERICK
13.     BABERS, MARIE
14.     BANKS, PARIS
15.     BELL, DOROTHY
16.     BELL, ALECIA
17.     BLACKSHEAR, JERRY
18.     BLACKSHEAR, OLEVIA
19.     BLACKSHEAR, THELMA
20.     BOLDEN, SHERRY
21.     BOUGERE, CECILIA
22.     BOUGERE, ROME
23.     BOUGERE, ROME (JR.)
24.     BOYD, BIRDIE
25.     BOYD, WILLIAM (JR.)
26.     BOYD, ANGELA
27.     BOYD, RODERICK
28.     BOYD, RYAN
29.     BROADNAX, EZELL
30.     BROADNAX, IRENE
31.     BROADNAX, SHARON
32.     BROWN, CEDRIC
33.     BROWN, LATREYA
34.     BROWN, LATANYA
35.     BRYANT, EARNESTINE
36.     BUCKNER, ARTHUR (II)
37.     BUCKNER, SANCHA
38.     BUCKNER, ARTHUR (III)
39.     BUCKNER, MARTHA
40.     CAMPBELL, JOHN
41.     CARMEN, LEVON
42.     CARMEN, MARVI
43.     CARMEN, LIONEL
44.     CHAMBERS, BOB
45.     CHAMBERS, DANIEL
46.     CHAMBERS, KEVIN D.
47.     CHAMBERS, KENNETH W. (SR.)
48.     CHAMBERS, KENNETH W. (JR.)
49.     CHAMBERS, BOBBY
50.     CHAMBERS, SANDRA
51.     CHAMBERS, CHRISTINA
52.     CHAMBERS, COURTNEY
53.     COMEAUX, ANN GELL
54.     COMEAUX, REV. LEARON
55.     COMEAUX, SANDRA
56.     COMEAUX, LEARON (JR.)
57.     COTTON, MARILYN
58.     DAVIS, JAMES
59.     DAVIS, JASON
60.     DAVIS, NIKIA
61.     DAVIS, LOIS
62.     DEMBY, HERBERT
63.     DEMBY, ROSA
64.     DIXON, LAWRENCE
65.     DUGAR, JOSEPH
66.     DUPLECHAIN, PATRICIA
67.     DUPLECHAIN, LAWRENCE
68.     ERZELL, KIRK
69.     ETIENNE, PEARLEY
70.     ETIENNE, D. DYRON
71.     ETIENNE, ADAM
72.     ETIENNE, DEANDRA
73.     FACTOR, JERRY
74.     FACTOR, JACQUELINE
75.     FIELDER, VIVIAN
76.     FIELDER, OTIS
77.     FOSTER, JANISHA
78.     FOSTER, RAIMON
79.     FOSTER, JANICE
80.     FREEMAN, BETTY
81.     GANTS, BARTHOLOMEW
82.     GARDNER, ANITA
83.     GARRETT, JAMES
84.     GEORGE, KENNETH
85.     GEORGE, ALICE,
86.     GIPSON, LATRICE
87.     GIPSON, REGINALD
88.     GLOVER, PERRY
89.     GLOVER, ROSA
90.     GLOVER, TELISHA
91.     GLOVER, TRACY
92.     GRADY, WILLIAM
93.     GREEN, LUCY
94.     GREER, VERONICA
95.     GREER, LACHEA
96.     GUILLORY, FALONIA
97.     GUILLORY, JOHN
98.     GUY, JOHN
99.     GUY, BETTIE
100.   HAMILTON, HELEN
101.   HOLLEY, CATHRESHA
102.   JACKSON, OLETHA
103.   JOHNSON, DIMITRIA
104.   JOHNSON, MONTIQUE
105.   JOHNSON, RUFUS
106.   JOHNSON, FERDANA
107.   JOHNSON, DOROTHY
108.   JOHNSON, FREDDIE (JR.)
109.   JONES, DARRELL
110.   JORDAN, DARRELL
111.   JORDAN, VERNA
112.   JORDEN, BOBBY (JR.)
113.   JORDEN, EBONY
114.   JORDEN, ROSA
115.   JORDEN, ROSALYN
116.   JORDEN, BOBBY
117.   JORDEN, BOBBY (SR.)
118.   JOSEPH, LEROY
119.   KINNERSON, TERRENCE
120.   KINNEY, DAVIS
121.   LEE, LILLYANN
122.   LEWIS, RODNEY
123.   LEWIS, RUBY
124.   LEWIS, JOHN
125.   LINER, BETTY
126.   LINER, LEON
127.   LOTT, WILLIAM
128.   MAYS, CHERYL
129.   MAYS, TERRENCE
130.   MAYS, GREGORY
131.   MCGREW, HELEN
132.   MCGREW, JOHNNIE
133.   MILLS, MARION
134.   MILLS, ROBRIAN
135.   MINOR, GENTRY (SR.)
136.   MINOR, HORACE
137.   MINOR, HAZEL
138.   MINOR, TRENT
139.   MINOR, GENTRY (JR.)
140.   MINOR, MARTHA
141.   MINOR, SCHERAZADE
142.   PAGE, FRANK
143.   PICKENS, ALFRED
144.   PICKENS, ROSHALETTE
145.   PICKENS, CONSTANCE
146.   RANDLE, DANIEL
147.   RANDLE, KIMBERLY
148.   RANDLE, GWEN
149.   RANDLE, ANGELA
150.   REDMOND, LILLIE
151.   REDMOND, ALBERT
152.   RICHARDSON, CYNTHIA
153.   RICHARDSON, ROBERT
154.   ROBERTS, RODERIC
155.   ROBERTS, CREIGHTON
156.   ROBERTS, DELORES
157.   ROBERTS, CURTIS
158.   ROBINSON, JEROME
159.   ROGERS, XAVIER
160.   ROSETTE, BERNISE
161.   SHAW, DEBRA
162.   SMITH, NORLEAN
163.   STEWART, JOHN W.
164.   STEWART, NORMA
165.   STEWART, RODNEY
166.   TAYLOR, MARY
167.   THOMAS, ELLEN
168.   THOMAS, ERICKA
169.   THOMPSON, JERRY
170.   THOMPSON, MARY E.
171.   THOMPSON, ANITRIA
172.   THOMPSON, MARGIE
173.   WARD, CHRISTINA
174.   WARD, CLARENCE (III)
175.   WICKS, WANDA
176.   WILCOX, CHARLES
177.   WILCOX, CHARLES D.
178.   WILCOX, LATOYA
179.   WILCOX, JOAN
180.   WILLIAMS, LOLA ANN
181.   WILLIAMS, JAMES
182.   WILSON, THERIS
183.   WRIGHT, WILMA